Ruffin, C. J.
 

 The case of
 
 Ellis
 
 v
 
 Ellis,
 
 when before the Court on the re-hearing, and the motion for further directions, 1 Dev. Eq. 341 and 398, and that of
 
 Albea
 
 v
 
 Griffin,
 
 2 Dev. & Bat. Eq. 9, dispose of all the points in the present case. As a bill for specific performance, it cannot be sustained, and to that extent it must be dismissed, as the defendant insists on disaffirming the contract, under the statute of frauds. In ordinary cases, the same disposition would be 'made of it, in its alternative aspect of having the alleged payments on account of the purchase money decreed back. As the contract is disaffirmed and void, the plaintiff might, as a matter of course, recover money on it in an action for money had and received, and also recover the horse in trover after a demand; and, as there would be full remedy at law, this Court would not interfere. But, as in
 
 Ellis
 
 v
 
 Ellis,
 
 the jurisdiction to grant the alternative relief arises, in this case, from the peculiar circum- , stances, which define the extent of the plaintiff’s right, and prévent him from having any remedy at law, in respect of a principal part of the claim, that he may justly set up ;
 
 *290
 
 that is, for the bond of McGee. That was given for a debt from McGee to the plaintiff; but, upon the supposition that it would answer the defendant’s purpose, and not foreseeing the state of things subsequently happening, it was taken by the plaintiff, payable to the defendant — so that, in respect of that bond, on which, as both sides state, nothing has been received, the defendant has no legal remedy, and, consequently, must be entitled to relief here. That relief, the plaintiff insists, should be by a decree-for the nominal amount of the bond, because the defendant took it as money, and is bound to account for it as money, and because McGee was able to pay it when it fell due, and the defendant made it his own by his laches, in not taking the proper means of enforcing payment. On those points the parties are at issue, and each has taken proofs. When read on the hearing, it did not seem, that the plaintiff had, by any means, satisfactorily established the facts, in either aspect, as alleged by him. But the Court does not consider the proofs at all; for, supposing proofs admissible on this part of the case, after the denial in the answer of the contract, as set forth in the bill; and supposing the proofs to establish the allegation of the bill, respecting McGee’s debt and solvency, still the plaintiff could not, upon either ground , have a decree against the defendant, for money in respect of that bond, when the defendant never received any, but the decree must be only for the bond itself, with a special endorsement, without recourse to the defendant. If the defendant should refuse obedience to the decree, that might lay the foundation for holding him liable to make compensation in money for the bond. But that is not to be anticipated, as the answer states, that the defendant never claimed it as his own, and had offered to return it, and he brings it into Court for the plaintiff. The bond is all the defendant got from the plaintiff, and that is all the plaintiff can ask back. It was his folly not to take a deed after, as he alleges, paying for the land, or not to make, the contract
 
 *291
 
 in an obligatory form, and to leave to the defendant the office of collecting the money from McGee, instead of attending to it himself; and, in the state in which the thing is now brought, he can in equity only get from the defendant the thing the latter received from him. As the plaintiff is entitled to that equity, so as thereby to confer a jurisdiction of a part of the transaction, it is proper the decree should embrace the whole, although in respect of other parts, the plaintiff might have a remedy at law. The plaintiff’s equity, then, is to have the bond of McGee, and for payment of the value of the mare received by the defendant, with interest thereon, and also, the value of the permanent improvements made by him on the premises, before filing the bill, or before he was informed, at any time prior to the filing of the bill, that the defendant would not convey the premises to him under the contract — the plaintiff allowing, or paying to the defendant, such reasonable rents or pi'ofits as the plaintiff hath derived from the premises, or as they were worth since the plaintiff took possession, and delivering possession of the premises to.the defendant. Unless the parties should agree on those points, there must be a reference to the Clerk, to make those enquiries, and ascei'tain the balance due from the one party to the other. As it is manifest that the real controversy in the cause was upon the question, who was to bear the loss of McGee’s debt, and that has been decided against the plaintiff, he must pay the costs up to this time.
 

 Per Curiam-, Ordered accordingly.