## Etiénne Major v. J. & J. Tardos.

*When a party in settlement of a debt pays, through error, compound interest in addition to the amount and interest really due—Held: That he is entitled to recover the difference between the amount really due and the debt at compound interest as collected.*

APPEAL from the Third District Court of New Orleans, *Duvigneaud, J. C. Dufour*, for plaintiff. *J. Magne*, for defendants and appellants.

Merrick, C. J. The defendants, residents of New Orleans, held a judgment against the plaintiff, in the District Court for the parish of Pointe Coupée, for $627 31, bearing ten per cent. interest from April 1st, 1844. In March, 1855, they sent up a statement of debt and *interest compounded*, to *Mr. Mahondeau*, their attorney, for a settlement with the plaintiff. The debt, as calculated to March, 1856, amounted to $1916 25. The plaintiff having inquired of *Mr. Mahondeau* whether the account and calculations were correct, and, being answered in the affirmative, gave his draft, payable one year after date, for the amount.

The present suit is brought to recover of the defendants the difference between the amount really due upon the judgment and the debt at compound interest as collected.

There was judgment in the court below in plaintiff's favor, and defendants appeal. They contend that the taking of compound interest is not *malum in se*, but is merely *malum prohibitum*. That, by the very terms of Art. 1934 C. C., the debtor cannot be compelled to pay compound interest, but, if he do consent to pay it, it is well paid, and if it be included in a new contract the debtor is bound to pay it; and, inasmuch as there was a natural obligation to pay the compound interest, when once paid it cannot be recovered back.

The error in this reasoning appears to us to lie in the postulate, that there was a natural obligation resting on the plaintiff to pay compound interest. From what did such obligation arise? The use of the money. It might as well be assumed that there was a natural obligation to pay interest at the rate of 500 or 1000 per cent. as to pay ten per cent. compound interest. There being no other promise proven than that contained in plaintiffs original obligation novated by the judgment, his natural and cival obligations were the same, viz : to pay the amount promised, as liquidated by the judgment. The proof satisfies us that the plaintiff paid the excess over the simple interest in error. It is well known with what confidence suitors rely upon statements of counsel, even where charged with the collection of debts against them, and the instances in which such confidence has been misplaced are extremely rare. In the case before us, we have not heard improper motives imputed to the counsel who made the settlement, still, we think, his statement led the plaintiff into error, and that the plaintiff is entitled to recover. C. C. 1934, 2280, 2281, 2282, 2129 ; C. P. 18.

Judgment affirmed.