The counsel for the parties agree to the following, as the material facts in the case:
In the summer of 1859, Samuel J. Clarke, died intestate and without issue, domiciled in the county of Halifax county, North Carolina, possessed of a large estate, consisting of slaves and other personal property. Many of the slaves were settled in Louisiana and a large number in North Carolina.
The intestate left a widow, who is the defendant, Tempe D., since intermarried with the defendant, John Buxton Williams, November, 1869. The intestate was married in North Carolina in the year 1858, and both he and his wife were then possessed of many slaves.
Soon after his death, to wit: in August, 1859, administration on his estate was granted to the defendant, David C. Clark, a brother, who entered into a bond of $40,000, with Lewis Thompson, now deceased, and the plaintiff, as his sureties. In September of the same year, (680) the widow of the intestate and his brothers and sisters entered into a written agreement, by which the said widow was to have the slaves in North Carolina, chargeable with one half the intestate's debts, and his brothers and sisters were to have the slaves in Louisiana. In the month of April, 1862, the administrator made a statement concerning the estate and submitted it to one E. A. Thorne, a brother and the agent of the defendant, Tempe D., who was then a widow, and he delivered to said agent for the benefit of Tempe D., the sum of $2,859.07. The statement submitted was signed by the agent and returned to the administrator.
The administrator never made any return of an account of his administration until after the commencement of this suit. The widow also received from the administrator all the other perishable property in this State, which consisted of a carriage and a match of horses, also several mules and some household furniture, of value more than sufficient to pay plaintiff's demands. This property was never taken away from the home of the widow, but was allowed to remain with her.
At the time of the death of the intestate, he was surety with the defendant, David C. Clark, on the bond of his brother, the defendant, Gavin H. Clark, for the sum of $2,000, dated 5th of April, 1859, payable one day after date to one Charles F. Urquhart, as guardian of two infant wards. On said bond a credit of $566.78 was entered August 3d 1863. Of this debt, the widow, the said Tempe D., was ignorant and knew nothing about it until about the time of instituting *Page 547 
this suit. She was ignorant also of what debts were included in the papers signed by said E. A. Thorne, agent as aforesaid. It is admitted that the debt to Urquhart was not one of those included in that paper; and also that it was not paid by the administrator for the reason alleged by him; to wit: the principal was a man of large estate and was perfectly solvent until the close of the civil war, when he became, and hath so continued to be, insolvent.
The defendant, David C. Clark, became insolvent about the (681) same time, and is so still.
Charles F. Urquhart, the guardian, as above stated, who was a resident of the State of Virginia, brought suit in the U.S. Circuit Court for the District of North Carolina, against the said David C. Clark, as administrator as aforesaid, and at June Term, 1869, obtained judgment, $2,000.00; damages, (interest to June 7th, 1869,) $803.30; costs, $38.88.
Afterwards, to wit, the said Charles F. Urquhart having died, his executors, William F. Urquhart and Joseph F. Urquhart, brought suit in said Circuit Court against the plaintiff in this suit, and the defendants, Margaret A. Thompson, executrix, and Thomas W. and William C. Thompson, executors of said Lewis Thompson, upon the administration bond of said David C. Clark; and at June Term, 1870, of said Court, the said executors of said Charles F. Urquhart, obtained a judgment for the penalty of said administration bond, to be satisfied on payment of $2,838.44, the damages assessed and former costs of $47.01, and costs of suit then determined, to wit, $48.20.
On the 5th day of November, 1870, the plaintiff, David Clark, paid one half of said judgment interest and costs, amounting to $1,245.45, and the executors of said Lewis Thompson, at the same time, or a short time before, paid a like sum to the plaintiff in said judgment, being the other half thereof.
A. B. Urquhart, one of the parties to the agreement, and his wife, M. E. Urquhart, died, domiciled in Virginia, and have never had any representation in this State. The defendants, Wm. M. Clark and Gavin H. Clark, are insolvents The estates of Lewis Thompson, John Buxton Williams, Charles J. P. Alston, who intermarried with Mary J., a sister of the intestate, and Charles Smallwood, who intermarried with Harriet J., another sister of the intestate, are all solvent.
The brothers and sisters of the intestate, Samuel F. Clark, each received personal property of his estate, consisting of slaves, mules, c., of the value of several thousand dollars, and also (682) real estate of great value. *Page 548 
The administrator of Samuel F. Clark took no refunding bond from any of the parties. The plaintiff demanded of the solvent defendants payment of the sum paid by him on account of the judgment aforesaid.
Upon the foregoing state of facts, his Honor, the presiding Judge below, gave the following judgment:
That the defendants, Margaret Thompson, executrix, and Thomas W. Thompson and William C. Thompson, executors of Lewis Thompson, deceased, having paid for the estate of their testator, as a co-surety with the plaintiff, an equal part of the money recovered by Joseph W. Urquhart and William F. Urquhart, executors of Charles F. Urquhart, and in excess of their testator's ratable part of the sum required to pay the plaintiff's claim, are not further liable in respect thereto.
That the defendants, John Buxton Williams and wife Tempe D., and the defendants, Charles P. Alston and Charles Smallwood, (the defendants, William M. Clark, David C. Clark and Gavin H. Clark being insolvent,) are liable to the full amount of the plaintiff's demand, to be contributed as among themselves, one moiety by said John Buxton Williams and wife, and the other moiety by the defendants, Charles P. Alston and Charles Smallwood.
And the Court doth thereupon adjudge that the plaintiff recover of the said John Buxton Williams and wife, Tempe D., Charles P. Alston and Charles Smallwood, the sum of twelve hundred and forty-five dollars and forty-five cents, this money so paid by him, and interest thereon from the 6th of November, 1870, till paid, and his costs.
From which judgment, the defendants appealed.
The plaintiff, who was one of two sureties to the administration bond, and paid one-half of a debt recovered against (683) the insolvent administrator, is not subrogated to the rights of the creditor, whose debt he paid, but to the rights of theadministrator, for whom he paid it. It follows, that if the administrator has no rights, the plaintiff, his surety, has none. It becomes important, therefore, to determine the rights of the administrator.
The administrator delivered over the property of the estate to the distributees, leaving a debt against the estate unpaid, and which was subsequently recovered against him. Can he recover back of the distributees? It is settled that he cannot. Donnell v. Cooke, 63 N.C. 220. To this general rule, there is the exception, that if he can show *Page 549 special circumstances to rebut the idea of negligence, he may recover back.Ibid. The special circumstance relied on in this case is, that the intestate was not principal in the debt against the estate, but was only the surety; and the principal was, beyond all question solvent, and able to pay, and was rendered insolvent by the unforeseen accident of the emancipation of his slaves. So that it would have been over-scrupulousness, if not down right wrong, for the administrator to hold the estate in his hands to pay a surety debt, which there seemed to be not the slightest probability that he would have to pay.
The administrator, under these circumstances, being entitled to recover back of the distributees, and the plaintiff surety being substituted in his place, the question is, in what proportion must the distributees contribute? If they had executed the usual refunding bonds with sureties, they would have been conditioned, that each distributee should contribute his "ratable part." It was the privilege of the administrator to require such bonds. As he did not do so, their liability to him is, each for his ratable part only. And the solvent ones are not liable to pay the parts of the insolvent.
The judgment below must be modified so as to give the plaintiff judgment here against Williams for one-half of his claim, and judgment against each of the other defendants for one-eighth (684) of the other half.
The case has been obscured by considering the plaintiff as subrogated to the rights of the creditor. He is not subrogated to the rights of the creditor, but to the rights of the administrator. Suppose, then, that the administrator had paid off the debt, his right would have been to call upon Williams for one-half, and upon each of the eight next of kin for one-eighth of the other half. What the administrator could have done his surety, the plaintiff, can do, and no more.
It will be noticed that this view puts in Mrs. Thompson for one-eighth also, although she has already for her husband as co-surety with the plaintiff, paid as much as the plaintiff has. So that it now becomes proper for us to determine the rights and liabilities of the defendants, not to the plaintiff, but as among themselves. Which are we authorized to do, under Code of Civil Procedure, section 248.
Just as the plaintiff, one of the sureties of the administrator, is entitled to take the place of the administrator, to recover of the distributees what he has been obliged to pay, so Mrs. Thompson and the other representatives of Lewis Thompson, deceased, the other surety of the administrator, and who was obliged to pay one-half the debt, is entitled to take the place of the administrator, and recover from the *Page 550 
distributees what Mr. Thompson paid. Mr. Thompson's representatives are therefore entitled to judgment against Williams for one-half of what Mr. Thompson or his estate paid, and against each of the eight distributees (other than himself) for one-eighth of the other half. So that it will work out that Williams pay one-half the debt, and each of the eight distributees pays one-eighth of the other half of the debt. And the plaintiff and Thompson, the sureties of the administrator, lose the insolvent shares.
There will be judgment here for the plaintiff according to this opinion, and for the representatives of Lewis Thompson, deceased, accord-to [according-to] this opinion. And the plaintiff and the (685) representatives of Thompson will recover their costs.
PER CURIAM. Judgment modified.
Sloan v. McDowell, 71 N.C. 359; McNeill v. Hodges, 105 N.C. 55; Lilesv. Rogers, 113 N.C. 201; Davis v. Mfg. Co., 114 N.C. 334; Denton v.Tyson, 118 N.C. 544.