T. J. SOUTHAL and wife v. W. H. SHIELDS, Adm'r.

*Practice—Parties—Settlement of Estates.*

1. Whenever the pleadings in a cause show the necessity of an account, and that there are others besides the plaintiffs interested in the fund and not before the court, the defendant has a right to require that such persons be made parties of record so as to conclude them by the proceedings :

*Hence,* when the sole legatee of an estate sues the executor for an account and the balance to be thereby ascertained, and the latter answers admitting assets in excess of the debts and charges of administration, but averring the pendency of a creditors' bill against the estate: *it was held* to be error to direct the payment of the legacy before the creditors have been heard in the proceeding.

SPECIAL PROCEEDING tried on appeal at Spring Term, 1877, of NORTHAMPTON Superior Court before *Buxton, J.*

This proceeding was commenced in the probate court on behalf of the *feme* plaintiff against the defendant for an account of the administration of the estate of B. G. Clark, deceased. The case is fully stated by Mr. Justice DILLARD in delivering the opinion. The court below overruled the exceptions to the account as stated, and gave judgment accordingly, from which the defendant appealed.

*Messrs. D. A. Barnes* and *Gilliam & Gatling,* for plaintiffs.
*Messrs. T. N. Hill* and *J. B. Batchelor,* for defendant.

DILLARD, J. The testator of the defendant departed this life in Virginia, in the year 1872, leaving a last will and testament, which was recorded in that state. A duly certified copy of said will was afterwards regularly admitted to record in Northampton county by the judge of probate, and the defendant, W. H. Shields, was appointed and qualified as administrator with the will annexed according to law.

The *feme* plaintiff was the legatee and devisee of the entire estate of the testator, B. G. Clark, and she and her husband, on the 26th of April, 1875, instituted a special proceeding in the probate court of Northampton against the defendant for an account of his administration, and payment to her of whatever might be found to be the net surplus of the estate after deduction of all debts against the estate, and the costs and charges of administration.

The defendant filed an answer representing that the administration was not closed and the debts against the estate not all paid, but admitted that the assets were more than sufficient to pay all the debts and charges against the estate, and he submitted to come to an account under the order of the court. In the course of the cause an account was taken by the probate judge of the administration of the estate by defendant, resulting in a balance found in the hands of defendant of $1,341.17 ; and the defendant filed divers exceptions to the said account, which being overruled by the probate judge, an appeal was taken to the superior court.

In the superior court of Northampton the cause was brought to a hearing before *Buxton, J.*, and after a full consideration of the exceptions and the rulings thereon and re-modeling the account, His Honor adjudged that there was in the hands of the defendant a balance of $1,283.39 ; and in relation thereto, amongst other things, he also adjudged as follows: " It appearing to the court that a creditors' bill is now pending in the superior court of Northampton, it is adjudged by the court that plaintiffs recover the sum of $1,283.39, amount of assets aforesaid against the said Shields, administrator of B. G. Clark ; and it is further ordered that the clerk of this court take an account of the debts proved in said creditors' suit or otherwise, and the said Shields is hereby authorized and directed to retain enough of the assets to satisfy the debts so proved, if any, and to have the

judgment herein reduced by such debt or debts;" and from the judgment of His Honor an appeal is taken to this court.

1. The defendant complains in this court of error in the judge below in overruling his exceptions to the account of the judge of probate, and specially assigns as error, that the judgment was given against him without previously ascertaining the amount of the unpaid debts against the estate and making suitable provision in the decree for their payment. From the view taken of the error assigned in this court, it is unnecessary to consider and decide any of the alleged errors in overruling the exceptions of the defendant, but only the one assigned in the passing of any final judgment at all under the existing state of the cause and in the terms of the judgment.

We understand the rule and practice of courts of equity under our former system and equally so under our present system of courts, to be, that whenever it appears from the case as made by a plaintiff, or the answer of a defendant, or both, that an account must be taken and that there are others, besides the plaintiff, interested, not before the court, it is the right of a defendant liable to account, in a just representation of others and for his own safety, and also the duty of the court, to require that all proper parties be before the court; or the proceedings be of such frame and scope as to admit of their coming before the court, so that they may have a voice in the matter of account and in the application of the fund, and be concluded by the final judgment or decree which shall be made. Adams Eq., 315 to 324; Story's Eq. Pl., §§ 99–104 and notes. Here, the *feme* plaintiff is the legatee of the entire estate of the testator, and is entitled on the account to recover against the administrator with the will annexed, only so much as may remain after the payment of all debts against the estate, and the costs and charges of administration. And it being averred in the answer of defendant that there are various infant creditors,

and by recital in the judge's decree, a creditors' bill pending for their payment in the same court whence this appeal comes, it would seem material to a final determination of the rights of all parties interested in the fund to be administered in the action, that an inquiry should be instituted into the number of the unpaid creditors and the amount of their debts; so that coming before the court at the same time with a report of the assets, a distribution of the net assets might be decreed, first to the several creditors, and then of the residue to the *feme* plaintiff.

It is laid down in Story's Equity Pleading that when it appears from the pleadings that the share or amount due a plaintiff alone or others in the same situation cannot be determined until the rights of others are first ascertained, it will be required that such others shall be made direct parties to the bill, or the proceedings be so shaped by interlocutory orders in the cause as to admit of their coming before the master on a general account of assets and of the debts against the estate. § 99 and notes. For example, it often happens that if a legatee sue for account and payment of a specific legacy, the court will decree payment if the executor admits assets sufficient, but if the answer suggests other legatees to be equally entitled, and a deficiency of assets to pay creditors and the legatees too, the bill will be either converted into the form of one suing for all, or the same thing will be substantially done by providing in the decree for an account of assets, for an account also of the legatees and creditors and the amounts respectively due them. In either of which cases, every one interested in the fund could have a voice in the matters of account as well as in the application of the assets. *Ibid*, §§ 99, 100 ; *Hallett* v. *Hallett*, 2 Paige, 19. This mode of dealing with the administrator is just to the creditors and to a legatee of the residue of the estate, and at the same time it protects the executor or ad-

ministrator and makes the decree to be a final determination of the rights of all, as it ought to be.

2. In our opinion therefore, at the time a reference was made to state the account of the administration of the estate by the defendant, Shields, the order should have gone further and directed the reference to advertise for and take an account of all the debts outstanding and unpaid, so as to give all an opportunity to assert their rights, and be concluded and barred by the decree of distribution of the fund. The decree as entered is final and yet it is objectionable, in that it does not dispose of the matters and things embraced therein. A decree is defined to be a sentence or order of the court pronounced on hearing and understanding all the points in issue and determining the rights of all the parties in the suit according to equity and good conscience. Danl. Ch. Pr., 1192. Tested by this definition, the decree in this case will appear to be faulty in several particulars :

It adjudges a recovery by the plaintiff for the assets found due, and then orders that the clerk take an account of the creditors unpaid and names no day or forum to receive and pass upon the report ; so that if controversy exist amongst the creditors as to the validity of each others' debts, there will be no mode to pass thereon :

It directs whatsoever may be found due to creditors to be retained by the administrator, and no one is appointed to make the application and enforce the payment; and subject thereto, to ascertain and enforce payment of the balance to the plaintiff.

3. A final decree should be a complete determination by the court of the whole controversy, and leave nothing to be determined by others, as was done in this case. It is our opinion, therefore, that the decree of the court below be set aside and the cause remanded to the end that it may be consolidated with, and heard with the creditors' bill now pending ; or suspended until that is heard and ended ; or

be practically converted into a creditors' bill by an order for a general account of the assets and the outstanding debts of the estate.   Judgment of the court below is reversed.  Let this be certified.

Error.                    Reversed and remanded.