\* THOMAS A. McNEILL et al. v. JAMES P. HODGES et al.

*Referee's    Report—Exceptions—Jurisdiction    of    Clerk—Judgment against   Co-defendants—Prayer   for   Relief.*

1. Exceptions to a referee's report may be filed as a matter of right at the term to which the report is made. The filing of exceptions after that term is in the discretion of the Judge, and from the exercise of such discretion no appeal lies.
2. The Clerk has jurisdiction of a proceeding by a ward against his guardian for an account.
3. A judgment can be rendered in favor of one co-defendant against another.
4. A party can recover judgment for any relief to which the facts alleged and proved entitle him, whether demanded in the prayer for relief or not.

APPEAL from the ruling of *Gilmer, J.,* at May Term, 1889, of CUMBERLAND Superior Court.

The following is the statement of the case on appeal:

---

\* Head-note by CLARK, J.

" This was a special proceeding, begun before the Clerk of the Superior Court of Cumberland County more than ten years since, calling the defendant Hodges, guardian, to an account and settlement with his wards, the plaintiffs above named. The guardian accounts of the defendant have been stated four times, and opportunity given each time for the parties to except to the same. The cause coming on to be heard before *Gilmer, J.,* at May Term, 1889, the plaintiffs moved to strike from the file certain exceptions, which appear to have been filed on April 23d, 1889, during the interval between terms, and to confirm the report of referee. It appeared that the report of the referee had been made to January Term, 1889, and the defendant's counsel notified that the same had been filed before the beginning of January Term.

" His Honor, after hearing arguments on both sides, and after inspection of the exceptions of April 23d, and examination of the record, in the exercise of his discretion, allowed the motion of plaintiffs, and the defendant excepted. The defendant then moved for leave to file the exceptions of April 23d as of May Term, 1889, which motion his Honor, in the exercise of his discretion, refused, and the defendant excepted.

" There was a judgment rendered confirming the report in favor of the several plaintiffs for the several amounts due them. Appeal by defendant."

*Messrs. R. H. Battle* and *S. F. Mordecai,* for plaintiffs.
*Messrs. N. W. Ray* (by brief) and *W. E. Murchison,* for defendant.

CLARK, J.: " It is a well-settled rule," say the Court in *State* v. *Peebles,* 67 N. C., 97, " that exceptions to such reports must be made as a matter of right at the Court to which the report is made." After that term, if judgment be not entered

thereat, it is a matter of discretion with the Court to allow exceptions to be filed, and from the exercise of such discretion no appeal lies. This ruling is recognized and sustained in *University* v. *Lassiter*, 83 N. C., 38; *Commissioners* v. *Magnin*, 85 N. C., 114; *Long* v. *Logan*, 86 N. C., 535.

The January Term of Cumberland Superior Court, to which the referee's report was returned, was a regular term to which process was returnable, and differed from other terms only in that civil causes requiring a jury could not be tried thereat, except by consent of parties. Acts 1887, ch. 37. The report was properly filed at said term. It seems, from the statement of the case, that the defendant's counsel knew that the report had been filed before the January Term began. They should have filed their exceptions at that term. The case had been a long time pending. It was begun in 1878, and was in this Court as far back as 83 N. C., 504 (1880). The attempted filing of exceptions in April was without authority of law, and it rested in the discretion of the Judge whether he should strike them out, as did also his refusal of the application to file exceptions at the May term.

The defendant moves, at this late day, to dismiss the proceedings in this Court, because the Probate Court, in which it originated, did not have jurisdiction. The action is brought by wards against their guardian for an account, and the statute then in force (C. C. P., 481), placed the jurisdiction in the Probate Court. *Rowland* v. *Thompson*, 65 N. C., 110. It is now transferred to the Clerk. *The Code*, §§ 102 and 1619.

The defendant also moves to reverse the judgment rendered in favor of his co-defendant, J. L. Smith, on the ground that there is nothing in the pleadings to support such judgment, and no prayer for relief in favor of J. L. Smith. The complaint specifies J. L. Smith as one of the wards entitled to an account, states why J. L. Smith is made party defendant, and asks that the account of the said guardian

be stated as to each of the wards.   There is no separate prayer for judgment by J. L. Smith, but no exception was made as to his being a party, and no denial of his being entitled to an account, and no objection was entered to stating the account as to him.   He was a proper party.   *Southal* v. *Shields*, 81 N. C., 28.   The complaint alleges that J. L. Smith has not been settled with.   This is not denied in the answer.   Throughout the proceeding he is treated as having adopted the allegations of the complaint and its prayer for relief.   Indeed, he was only in form a defendant, but in fact the statute authorizes such judgment by one co-defendant against another.   *The Code*, § 424 (1); *Hare* v. *Jernigan*, 76 N. C., 471; *Clark* v. *Williams*, 70 N. C. 679; *Hughes* v. *Boone*, 81 N. C., 204.   A cause of action having been stated as to J. L. Smith, he can have any relief to which the facts alleged and proven entitled him, though not demanded by a prayer for relief.   *Dunn* v. *Barnes*, 73 N. C., 273; *Knight* v. *Houghtalling*, 85 N. C., 17; *Jones* v. *Mial*, 82 N. C., 252.   It is too late, after judgment, especially since defendant acquiesced in treating the complaint as if it had been adopted by Smith, to object that there was no complaint filed by him. *Robinson* v. *Hodges*, at this term, and cases there cited.

Affirmed.