W. F. READE v. T. H. STREET.

(Decided May 17, 1898.)

*Appeal—Exceptions to Judgment—Prayer for Judgment —Practice—Partial Payments on Note—Interest, Computation of.*

1. An appeal from a judgment is, *per se*, an exception thereto and there need be no other exception in the record.

2. The prayer for judgment does not bind the plaintiff who is entitled to such judgment as the pleadings and proofs justify; hence, if a judgment is for a greater amount than, or of a different nature from, the prayer for judgment, but is justified by the pleadings and proof, it is immaterial that it is not in conformity with the prayer of the complaint.

3. It is only where the payments made on a note exceed the interest due at the time they are made that a balance can be struck and a new principal created.

4. The amount of a judgment should be calculated up to the first day of the term at which it is rendered and the principal thereof should bear interest from such time until paid.

5. Where a judgment is rendered for an improper amount by reason of an erroneous computation of interest, the error will be corrected by a modification of the judgment on appeal.

CIVIL ACTION tried before *Adams, J.*, and a jury at November Term, 1897, of PERSON Superior Court. The facts sufficiently appear in the opinion. There was a verdict, followed by a judgment for the plaintiff, and defendant appealed.

*Mr. A. L. Brooks* for plaintiff.
*Messrs. Merritt & Merritt* for defendants (appellants).

CLARK, J.: The only ground of error relied on in this Court, the others being abandoned, is that the judgment is for $457.72 with interest at 8 per cent. from the 8th of June, 1896, whereas the prayer for judgment is only for $423 with 8 per cent. interest from the 8th of June, 1896. There is no exception of this kind in the record, but it arises from the appeal itself, which is *per se* an exception to the judgment. *Sutton* v. *Walters*, 118 N. C., 495, 502.

If the judgment is for a greater amount than, or of a different nature from, the prayer for judgment it is immaterial, when the matter alleged in the complaint and proved justifies the judgment. *Knight* v. *Houghtalling*, 85 N. C., 17; *Johnson* v. *Loftin*, 111 N. C., 319. The prayer for judgment does not bind the plaintiff, as he may have mistaken the relief to which he is entitled upon his pleadings and proof. *McNeill* v. *Hodges*, 105 N. C., 52; *Jones* v. *Mial*, 82 N. C., 252 and numerous cases cited in Clark's Code, under Section 233 (3). Indeed, where the proof is of a greater sum than that alleged in the complaint, the Court below might permit an amendment of the complaint even after judgment. Clark's Code, Section 273, and cases cited on page 226 (2nd Ed.); *King* v. *Dudley*, 113 N. C., 167.

In the present case the note in suit was for $650 with

8 per cent. interest from August 5, 1889.   The payments alleged in the complaint and admitted in the answer were, $50 July 22, 1890: $50 May 27, 1895, and $500 June 8, 1896.   As neither of the first two payments exceeded the interest due at the time the payments were made, the note bore interest from August 5, 1889, to June 8, 1896, and should then have been credited with the accumulated payments of $600, leaving a balance of $405.76, with 8 per cent. interest from June 8, 1896. The error does not require a new trial, but simply a modification of the judgment.   The plaintiff's error consisted in calculating interest up to the date of payment of $50, May 27, 1896, (the first payment July 22, 1890 being equal to interest then due) and deducting the payment.   But, as the payment was less than the interest then due, this was improper, as it would simply be allowing interest upon interest.   It is only when the payment or a series of payments comes to more than the interest then due that a balance can be struck and a new principal created.   *Bunn* v. *Moore*, 2 N. C., 279. The judgment is also informal.   The amount should be calculated up to the first day of the term at which judgment is rendered (here November 15, 1897,) and the principal thereof should bear interest.   The judgment should have been that "the plaintiff recover of the defendant $452.34, of which $405.76 is principal money and bears interest at 8 per cent. from the first day of this term till paid."   This is the usual and regular form which should be followed, though the form used in this case is not material error.

Each party will pay half the costs of this appeal. *Code*, Section 527.

Judgment modified.