COMMISSIONERS OF MONTGOMERY CO. v. FRY.

(November 27, 1900.)

1. *Assumpsit—Mistake of Fact—Mistake of Law—Fraud— Judgment—Interest—Overpayment—Money Received.*

Where an over-payment is made on a judgment, by reason of an erroneous computation of interest. the excess will be refunded.

2. *Parties — Overpayment — County Treasurer — County Commissioners—Pleading—Assumpsit.*

Where a County Treasurer makes an over-payment on a judgment against the county, the County Commissioners, and not the Treasurer, are the proper parties to bring suit to recover the same.

CIVIL ACTION by the Board of Commissioners of Montgomery County against Daniel Fry, heard by Judge *H. R. Bryan,* on an agreed state of facts, at October Term, 1900, of MONTGOMERY Superior Court. From judgment for plaintiff, the defendant appealed.

*Adams & Jerome,* and *J. R. Blair,* for plaintiffs.
*McIver & Spence,* for defendant.

FURCHES, J.   The county of Montgomery was owing the defendant a debt, for which the defendant brought action, and at December Term, 1889, of the Montgomery Superior Court, recovered judgment thereon for the sum of $3,912.39. The principal of said debt was $2,502.01, and the judgment rendered was in the usual and proper form—that the plaintiff (Fry) recover of the defendant (county) the sum of $3,912.39, "with interest on the sum of $2,502.01 from the 4th day of November, 1889, until paid."   On the 2d day of May, 1892, the county made a payment on said judgment of $200, and on the 22d of December, 1894, the county made another payment on said judgment of $4,000, both payments being receipted for on the docket by the plaintiff in that judgment, Fry.   The defendant, Fry, made a calculation of the balance due on said judgment to the 7th day of July, 1889, deducting the payments of $200 and $4,000 theretofore made, and gave this calculation to the attorney of the county some days before the last payment.   This calculation of interest, deducting payments, left a balance due of $1,100.58.   The attorney for the county, without recasting the calculation made by the plaintiff, Fry (defendant in this action), the Board of County Commissioners having passed an order directing the Treasurer to pay the balance due on said judgment, directed the Treasurer to pay Mr. Fry, which he did according to Fry's calculation, which turned out to be too much.   The error in the calculation, as plaintiff claims, consists in the fact that the defendant, Fry, calculated interest on $3,912.39, the whole amount of the judgment, principal and interest, instead of counting it on $2,502.01, the principal named in the judgment, and which was therein stated as the amount that should bear interest; making a differenece of $502.38, which is agreed shall be the amount of plaintiff's recovery in this action, if plaintiff be entitled to recover anything.

The learned counsel for the defendant contended in his brief that the defendant had the right to calculate and claim interest on the whole amount of the judgment.   But in his argument here he properly abandoned that contention, saying that upon a more thorough consideration he thought that point was against him.   But he insisted that the mistake was one of law, and the plaintiff could not recover on that account, and cited a number of cases that he insists sustain this contention.   He further contended that, if he should be mistaken in its being a mistake of law, plaintiff's attorney knew all the facts—knew that under the judgment as it was drawn the defendant, Fry, was not entitled to interest on the whole amount of the judgment; that the calculation of the defendant, Fry, was furnished him, and he then had every opportunity of correcting it; that it was his negligence that he did not do so, and the courts will not assist in correcting an error caused by such negligence; and cites authorities to sustain this position.   This is the strongest ground the defendant has to rest his defense upon.   While the learned counsel for the plaintiff, on the other hand, insists that it is not a mistake of law, but of fact, but says, if he is mistaken in this, and it should be held that it was a mistake of law, that still he is entitled to recover; that there is nothing presented by the case to show that the defendant has any moral right to hold this money wrongfully gotten by him ; that it would be unconscionable for him to keep said money, and that a court of equity will not allow him to do so.   For this position the plaintiff cites a number of cases to sustain it. The case was well argued upon the contention of the parties on both sides.   According to the contentions and admissions, there was an error in the calculation of interest by the defendant.   There could not have been a mistake of law, as the judgment plainly stated that the defendant, Fry, was only

COMMISSIONERS *v.* FRY.

entitled to interest on $2,502.01, which was the principal of the debt. The law in that case had been settled and declared by the judgment of the court. It was as if A gives B a note for $3,000, with interest on $2,000 from date until paid. Could there be any question of law in that case as to what sum was to bear interest? This proposition seems to us to be too plain for argument. As it is admitted that there was an error, it was an inadvertence of defendant to the facts when the calculation was made—a mistake as to the facts—or it was a fraud. We would have at once said that it was an inadvertence, an error, based upon the defendant's mistaking the amount to base his calculation upon, but for the fact that, after it has been pointed out to him, he undertakes to hold on to this money upon a technicality of law, which he thinks will protect him in holding it. But, whether it was a mistake of fact, or a fraud—and it must be one or the other—it was an error in the calculation of interest, and the Court will correct the error. It was an error in the calculation of interest that the Court will not allow. *Reade v. Street,* 122 N. C., 301. In that case there had been payments made that did not amount to as much as the interest due. In computing the interest, these payments were made rests, and the interest calculated to the date of payment, and added to the principal, and the payments deducted. The payments not being as much as the interest, this formed a new principal, larger than the original. The Court said this would not do. It was calculating interest upon interest, which could not be done. It was contended for the defendant on the argument that the calculation was correct, and the error was that the defendant, Fry, took the wrong basis for his calculation. So it was in *Reade v. Street, supra.* There was no error in the calculation in that case if it had been made on the right amount, the original principal. But by

adding interest to the original principal, it became erroneous, and this Court corrected it. Precisely this case. The defendant, Fry, by adding $1,410.38 interest to the original principal of $2,502.01, made a new principal $1,410.38 greater than the original principal, upon which he calculated interest. The case of *Reade v. Street, supra,* is well sustained by *Worley v. Moore,* 97 Ind. 15; *Hanson v. Jones,* 20 Mo. App., 597; *Major v. Tardos,* 14 La. Ann., 10; *Boon v. Miller's Ex'rs,* 16 Mo., 457. And it might, with much more reason, have been contended in *Reade v. Street, supra,* that the error in that case was an error of law, than it can be contended in this case, as the court had not passed upon that case, as it had in this.

As the jurisdictions of law and equity are united in the same court, it is not necessary for us to determine whether the plaintiff's relief is in equity, or at law. But it seems to us that there are authorities which sustain both. There are equitable elements in the case that would seem to support it in equity. Equity, once acquiring jurisdiction, would administer the whole case. *Chambers v. Massey,* 42 N. C., 286. While the action of *assumpsit* was at law, it was equitable in its nature. *Davidson v. Land Co.,* 126 N. C., 704.

The defendant contended, as it was the County Treasurer who paid the money, he should have been the plaintiff, and moved to dismiss on that account. But it was the county's money that was paid to the defendant, and the county, by its Commissioners, is the proper plaintiff. *State v Candler,* 118 N. C., 888; *Commissioners v. Sutton,* 120 N. C., 298. The judgment of the Court below must be affirmed.

Affirmed.