## L. D. BRYAN v. D. R. CANADY ET ALS.

(Filed 13 October, 1915.)

**1. Deeds and Conveyances — Pleadings — Equity — Specific Performance — Decrees.**

Where in an action to enforce specific performance of an option on land it appears from the pleadings and admissions of the parties that the defendant had agreed to include within the terms of the option a certain other tract of land, which was omitted by their mutual mistake, that the entire consideration had been paid, including the execution of notes for the deferred payments to be made on the purchase price of the lands, with mortgage to secure their payment, it is held that a decree was properly entered in the court below that the vendor convey to the purchaser the tract thus omitted, and that the latter should execute a mortgage thereon as further security for the notes given for the purchase price; and in default thereof the decree should be registered as a conveyance in accordance with the provisions of the statute.

**2. Deeds and Conveyances—Pleadings—Equity—Specific Performance—Allegations—Prayers for Relief—Issues.**

In a suit for specific performance of an option to convey land, the complaint alleging an omission by mutual mistake of the parties of one of

the several tracts intended to be conveyed by the option, which the answer denied: *Held*, that the issue thus raised was subsequently rendered immaterial by the defendant admitting in open court that he had executed the option alleged, and that it included the tract in question, which had not been described in the conveyance.

**3. Pleadings—Amendments—Prayers for Relief—Judgment—Presumption.**

Where an amended complaint has been allowed in the Superior Court and filed, and asks for no relief except by reference to the original complaint, which is not sent up in the record on defendant's appeal, it will be assumed that the prayer corresponded with the facts stated and was suited to the relief granted, if a prayer was essential.

**4. Same—Record—Appeal and Error—Absence of Prayers for Relief.**

The relief to be granted in an action does not depend upon that asked for in the complaint; but upon whether the matters alleged and proved entitle the complaining party to the relief granted, and this is so, in the absence of any prayer for relief.

**5. Pleadings—Issues—Matters Alleged—Specific Performance—Separate Conveyances—Equity—Reformation.**

Where the purpose of the suit, as it appears from the matters alleged in the complaint, was to call for a separate deed to a tract of land omitted by the mutual mistake of the parties from the conveyance made in carrying out an option of purchase thereof, and it is the evident intention of the plaintiff, as gathered from the complaint, not to have the deed reformed, but to compel a conveyance of the tract omitted, an issue involving the right of the plaintiff for reformation of the deed does not arise on the pleadings.

APPEAL by defendants from *Connor, J.,* at the July Term, 1915, of ONSLOW.

The action was brought for the specific performance of an "option" by which defendants agreed for a valuable consideration, to convey five tracts of land to the plaintiff. An attorney was retained to draw the deed, and by an inadvertence not attributable to him, but to the mutual mistake of the parties themselves, as alleged, one of the tracts, viz., the fifth tract described in the contract, was omitted from the deed. When this was discovered by the plaintiff, before the expiration of the time fixed by the option to call for a conveyance of the land, plaintiff requested defendants to execute to him a deed for the fifth tract, offering at the time to give a mortgage on the same as further security for the payment of the purchase money, as had been done in the case of the first four of the tracts at the time of the conveyance of them to him, but with this reasonable demand the defendants refused to comply.

Defendants, in their answer, denied that they agreed to sell the fifth tract of land to the plaintiff or that it was omitted from the deed they made to the plaintiff for the other four tracts, by the mutual mistake of the parties, but at the trial admitted that they executed what is called the "option" set out in the second section of the complaint, which describes the land as "all the real estate belonging to the defendants and

situated in Onslow County, in Stump Sound Township, on the west side
of New River, including the entire possession of the said defendants and
all the lands and oyster bottoms or gardens of every description." It
was further admitted that the fifth tract was embraced by the description
in the "option," and that "the entire consideration set forth in the
option had been paid, including the execution of the notes for $6,500
and a mortgage on the land to secure their payment." Upon the plead-
ings and these admissions, it appearing that the deed of the defendants
did not include, in its description of the land, the fifth tract, the court
adjudged that the defendants execute a proper deed to the plaintiff for
that tract, at Snead's Ferry Point, with general warranty, according
to the terms of the option, and that plaintiff, on receipt of the said deed,
or the registration of the same, execute to the defendants an additional
mortgage on said tract of land, so that the notes for $6,500 shall then
be secured by a lien, by way of mortgage, on all the tracts, as provided
by the option, and in case the defendants fail or refuse to comply with
this judgment in the respect indicated above, that the decree shall oper-
ate as a conveyance, with general warranty from defendants to the plain-
tiff of said fifth tract of land, and as a mortgage back to the defendants
of the same, as additional security in accordance with the foregoing
terms of the judgment. Provision was made in the decree for the clerk
to certify the same to the register of deeds, as provided by the statute.
The court further adjudged that plaintiffs are entitled to the possession
of the land at Snead's Ferry Point, which is tract No. 5, and that a writ
of possession be issued by the clerk of the court, at the request of plain-
tiff, and that he recover his costs. Defendants excepted and appealed.

*W. H. Lee, D. E. Henderson, N. E. Day, and McLean, Varser &
McLean for plaintiff.*
    *Kellum & Loughlin and Herbert McClammy for defendants.*

WALKER, J., after stating the case: The defendants contended that,
by their answer, they had raised an issue as to whether the fifth tract of
land had been omitted from the description in the deed by the mutual
mistake of the parties, and also as to whether that tract was included
by the description of the lands in the option. It was not described
separately by its name, but was a part of the lands answering to the
general description in the deed. So that the issue raised by the answer
was waived or rendered immaterial by the subsequent admission, in open
court, that defendants executed the contract and that it covered all five
tracts, four of which had already been conveyed to plaintiff. The de-
fendants further urged that the suit was brought to correct the deed on
the ground of mistake, and they had denied that there was any mistake,
but this contention is founded on a misconception of the complaint,

BRYAN v. CANADY.

which sets out a cause of action, not for reformation of the deed, but for the specific enforcement of the agreement to sell the land, which had only been partially performed by a conveyance of four of the tracts. There is no specific prayer in the amended complaint, and no prayer at all, except by reference to the former complaint, the prayer of which is adopted, but that complaint was not sent up as a part of the record, though it is referred to as a part thereof. We must assume, though, that the prayer corresponded with the facts stated and was suited to the relief which they entitled plaintiff to have adjudged.

Where an answer, is filed, "the court may grant any relief consistent with the case made by the complaint, and embraced within the issue." Revisal, sec. 565. So that the relief awarded depends not upon the particular form of the prayer, but is gauged by the facts stated in the pleading, and the party is entitled broadly to any relief consistent therewith, whether or not he has prayed for it. *Knight. v. Houghtalling*, 85 N. C., 17. As the nature and extent of this rule, which obtained under the former equity system, and has been introduced into our present liberal procedure, do not seem to be well understood, it may be profitable to refer to a few of the cases in which it has been stated and administered. Discussing it in *Staton v. Webb*, 137 N. C., 36, 42, *Justice Douglas* said: "This Court has repeatedly held that no prayer is necessary where the appropriate relief sufficiently appears from the allegations of the complaint. In *Knight v. Houghtalling*, 85 N. C., 17, *Ruffin, J.*, speaking for the Court, says: 'We have not failed to observe that the answer of the defendants contains but a single prayer for relief, and that for a rescission of a contract. But we understand that under the Code system the demand for relief is made wholly immaterial, and that it is the case made by the pleadings and facts proved, and not the prayer of the party, which determines the measure of relief to be administered, the only restriction being that the relief given must not be inconsistent with the pleadings and proofs. In other words, the court has adopted the old equity practice, when granting relief under a general prayer, except that now no general prayer need be expressed, but is always implied.' In *Dempsey v. Rhodes*, 93 N. C., 120, *Merrimon, J.*, speaking for the Court, says: 'Indeed, in the absence of any formal demand for judgment, the court will grant such judgment as the party may be entitled to have, consistent with the pleadings and proofs.' See, also, *Harris v. Sneeden*, 104 N. C., 369; *Gattis v. Kilgo*, 125 N. C., 133; Clark's Code, sec. 233 (3)." And in *Voorhees v. Porter*, 134 N. C., 591, 597, we said, referring to the language of the Court in *Woodcock v. Bostic*, 118 N. C., 822, and explaining it: "When the Court said in that case, "She cannot have equitable relief, because she has prayed for none,' it simply meant that there was no sufficient allegation of an equity upon which a prayer for such relief could be predicated, for we find it to be well settled by the

decisions of this Court that if the plaintiff in his complaint states facts sufficient to entitle him to any relief, this Court will grant it, though there may be no formal prayer corresponding with the allegations, and even though relief of another kind may be demanded. *Knight v. Houghtalling, supra; Gillam v. Insurance Co.,* 121 N. C., 369. In the case last cited, *Clark, J.,* for the Court, says: 'Under the Code the demand for relief is immaterial, and the Court will give any judgment justified by the pleadings and proofs,' citing numerous cases. Clark's Code (3 Ed.), p. 584, and notes to section 425." More recent cases are *Councill v. Bailey,* 154 N. C., 54; *Williams v. Railroad Co.,* 144 N. C., 498; *Cedar Works v. Lumber Co.,* 161 N. C., 612; *Baber v. Hanie,* 163 N. C., 588, 590.

The last case cited is very much like this one, the only difference being that in the one there was an equity of subrogation, while in the other there is an equity for correction of a deed. We there said: "The court should not have ordered an amendment of the original complaint. It was quite sufficient, in its allegations, to warrant a recovery upon the theory of subrogation or that of contract. The prayer does not narrow the scope of the pleading to its own limits, but a party can recover now according to the facts he states in his pleading, and not necessarily or only according to his prayer."

In *Knight v. Houghtalling, supra,* the prayer was for rescission of the deed, but while the court refused that equity, it, nevertheless, awarded another kind of relief, and one very different from that which was asked for. As the defendants admitted facts which entitled the plaintiff to a full enforcement of the contract by a conveyance of the fifth tract of land, they cannot now be heard to say that their answer raised an issue as to the facts admitted, and, therefore, should have been referred to the jury. What is admitted need not be proved. But if the admission had not been made, it is perfectly manifest that the defendants would have lost in the end, as the description in the option was broad enough to take in the fifth tract with the others, entitling the plaintiff to a specific performance of the same in its entirety, and this could as well be done by an independent conveyance of the fifth tract as by a correction of the deed, so that the issue, as to the mistake, was immaterial in any view. Nor do we think that the complaint, and answer, when properly construed, raised any such issue, as it was the evident purpose of the plaintiff not to have the deed reformed, but to call for a separate deed for the fifth tract to complete the performance of the defendants' contract with him. The mistake in the deed was mentioned incidentally to indicate that the defendants' deed had fallen short of a full performance of the option.

We see no error in the judgment, and, therefore, affirm it.

Affirmed.