J. GLENN SMITH, EXECUTOR OF ROBERT G. SMITH, DECEASED, ET AL., v. THE TRAVELERS PROTECTIVE ASSOCIATION OF AMERICA.

(Filed 6 May, 1931.)

**Removal of Causes D a—Allegation and proof determines amount in controversy and not the prayer for judgment.**

The sum which the plaintiff in an action is entitled to recover is the amount to which he is entitled upon the allegation and proof, and not the amount prayed for in the prayer for relief, and where an action is

brought on a five thousand-dollar policy of insurance, the complaint alleging upon information and belief that the amount recoverable was not less than three thousand dollars and praying judgment in the sum of three thousand dollars, and the plaintiff expressly refuses to waive or remit the amount of their claim in excess of three thousand dollars, the amount in controversy is within the jurisdiction of the Federal court, and the defendant's motion for removal of the cause from the State to the Federal court on the ground of diversity of citizenship should be allowed.

APPEAL by plaintiff from *Cowper, Special Judge,* at March Special Term, 1931, of MECKLENBURG. Affirmed.

This action to recover on a certificate of membership issued by defendant to Robert G. Smith, deceased, was begun in the Superior Court of Mecklenburg County, North Carolina, on 6 December, 1930.

Plaintiffs allege in their complaint that by the terms of said certificate of membership they are entitled to the benefits thereof; that Robert G. Smith died on 15 September, 1929, from bodily injuries received by him through external, violent and accidental means on 5 September, 1929; that said bodily injuries, independently of all other causes, resulted in his death; and that at the date of his death the said Robert G. Smith was a Class A member of the defendant association in good standing.

Paragraph 5 of the original complaint filed by the plaintiffs is as follows:

"That a portion of Article 10 of section 4 of the defendant's constitution provides as follows:

"Whenever a Class A member in good standing shall through external, violent and accidental means, under the limitations and provisions of the constitution and amendments thereto, receive bodily injuries which shall independently of all other causes, result in death within six months from the date of said accident, $5,000 shall be paid to the beneficiary named in said certificate of such deceased Class A member."

Before the time within which the defendant was required to file an answer or other pleading to the complaint, had expired, plaintiffs amended their original complaint by striking therefrom paragraph 5 as above set out, and substituting instead thereof the following:

"5. The plaintiffs are informed and believe, and upon such information and belief allege, that the constitution and by-laws of the defendant provide in substance, that whenever a Class A member in good standing shall, through external, violent and accidental means, receive bodily injury which shall, independently of all other causes, result in death, then the beneficiary named in the certificate of such Class A deceased member shall be paid a certain amount of money, which amount, as the plaintiffs are informed and believe, is not less than $3,000."

The prayer for judgment in the original complaint, which has not been amended in that respect, is as follows:

"Wherefore, the plaintiffs pray judgment against the defendant in the sum of $3,000, with interest thereon from 5 September, 1929, and for the costs of this action to be taxed by the clerk."

Thereafter, and before the time within which defendant was required to file an answer or other pleading to the complaint had expired, the defendant filed its petition, accompanied by the bond required by law, for the removal of the action from the Superior Court of Mecklenburg County to the District Court of the United States for the Western District of North Carolina for trial. The ground for such removal, as set out in the petition, is diversity of citizenship, it also being alleged in the petition that the amount in controversy in the action exceeds the sum of $3,000, exclusive of interest and cost.

It was thereupon ordered by the clerk of the Superior Court that the action be removed in accordance with the prayer of defendant's petition. Plaintiffs excepted and appealed to the judge.

At the hearing of this appeal the plaintiffs having expressly declined to file a formal remittitur for all amounts in controversy over and above $3,000, exclusive of interest and cost, as suggested by the judge, the order of removal made by the clerk was confirmed. Plaintiffs excepted and appealed from the order of the judge to the Supreme Court.

*John M. Robinson and Hunter M. Jones for plaintiffs.*
*Tillett, Tillett & Kennedy and F. Grainger Pierce for defendant.*

CONNOR, J. The sole question involved in this appeal is whether the amount in controversy in the action pending in the Superior Court of Mecklenburg County, as shown by the entire record, exceeds the sum of $3,000. If the amount does not exceed this sum, there was error in the order of the judge confirming the order of the clerk for the removal of the action from the State court to the Federal court, and said order should be reversed. In that event the District Court of the United States has no jurisdiction of the action. If, however, the amount in controversy exceeds the sum of $3,000, exclusive of interests and costs, there was no error in the order, and the same should be affirmed. In that event the District Court of the United States has jurisdiction of the action, and the defendant, under the Constitution and laws of the United States, is entitled to the removal of the action.

On the cause of action alleged in the original complaint, the plaintiffs are entitled to recover of the defendant the sum of $5,000. This cause of action arises on contract and is not divisible for purposes of jurisdiction. On the allegations of the amended complaint, plaintiffs are entitled to recover judgment for all the benefits to which they are en-

titled as beneficiaries under the certificate of membership in the defendant association held by Robert G. Smith at the date of his death. It is expressly provided in the constitution and by-laws of the defendant that in the event which has occurred, as appears from the allegations of the complaint, the sum of $5,000 shall be paid by the defendant to the beneficiaries designated in the certificate. It is clear, we think, that the amount in controversy in the action is $5,000, notwithstanding the amendment to the complaint, unless, as contended by the plaintiffs, this amount is to be determined not by the allegations of the complaint, but by the prayer therein that the plaintiffs recover of defendant on their cause of action only the sum of $3,000, with interest and cost.

It is provided by statute in this State that the complaint in a civil action must contain a demand for the relief to which the plaintiff supposes himself entitled. If the recovery of money is demanded, the amount must be stated. C. S., 506. It has been held that under this statute, the plaintiff is not restricted to the specific relief demanded in the prayer of his complaint, but that he may have all the relief to which he is entitled on the facts alleged in his complaint and established by the evidence at the trial. This principle has been applied frequently in cases where the relief granted was equitable in its nature. *Bryan v. Canady,* 169 N. C., 579, 86 S. E., 584; *Hendon v. R. R.,* 127 N. C., 110, 37 S. E., 155; *McNeill v. Hodges,* 105 N. C., 52, 11 S. E., 265; *Knight v. Houghtalling,* 85 N. C., 17. In the last cited case it is said: "We have not failed to observe that the answer of the defendants contains but a single prayer for relief, and that for a rescission of the contract. But we understand that, under the Code system, the demand for relief is made wholly immaterial, and that it is the case made by the pleadings and the facts proved, and not the prayer of the party, which determines the measure of relief to be administered, the only restriction being that the relief given must not be inconsistent with the pleadings and proofs. In other words, the Code has adopted the old equity practice when granting relief under a general prayer, except that now no general prayer need be expressed in the pleadings, but is always implied." In *Reade v. Street,* 122 N. C., 301, 30 S. E., 124, which was an action on a note, it was said that the prayer of the complaint does not bind the plaintiff who is entitled to such judgment as the pleadings and proof justify. Hence, it was held that if a judgment is for a greater amount, or of a different nature from the prayer for judgment, but is justified by the pleadings and proof, it is immaterial that it is not in conformity with the prayer of the complaint. In that case the judgment was for $457.72, whereas the prayer was for the recovery of only $423. In his opinion, *Judge Clark* says: "The prayer for judgment does not bind the plaintiff, as he may have mistaken the relief to which he is entitled

upon his pleadings and proof. Indeed where the proof is of a greater sum than that alleged in the complaint, the court below might permit an amendment of the complaint even after judgment." See *Henofer v. Realty Co.,* 178 N. C., 584, 101 S. E., 265, where *Reed v. Street* is cited and approved.

It is also provided by statute in this State that the relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in his complaint; but in every other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue. C. S., 606. As the time for answering the complaint in the instant action had not expired, when defendant filed its petition for the removal of the action, and as the right of defendant thereafter to file an answer, either in the State court, in the event its petition was denied, or in the Federal court, in the event its petition was granted, was not affected by the order, whether of removal or not, this statute is not applicable to the decision of the question involved in this appeal. The restriction of the relief which may be granted a plaintiff, when no answer is filed by the defendant, applies only when the plaintiff moves for judgment by default final, C. S., 595, or for judgment by default and inquiry. C. S., 596.

In the absence of a waiver by the plaintiffs in the instant case, in the nature of a remittitur, express or implied, of their right to recover the full amount to which they are entitled on the cause of action alleged in the complaint, this amount, and not the amount for which they demand judgment, is the amount in controversy for the purpose of determining whether or not defendant is entitled to the removal of the action from the State to the Federal court for trial. There is no express waiver on the record; nor are there any facts from which a waiver may be implied. Plaintiffs at the hearing before the judge on their appeal from the order of the clerk, expressly declined to enter on the record such waiver.

We have examined the cases cited and relied on by plaintiffs in this Court to sustain their contention that the amount in controversy in this action is only $3,000. We do not regard these cases as controlling or as determinative of the question involved in this appeal.

In *Iowa C. R. Co. v. Bacon,* 236 U. S., 305, 59 L. Ed., 591, where the petition for removal was denied on the ground that the amount in controversy was less than the amount required for the jurisdiction of the Federal court, it is said: "It was, of course, essential to the removal of the case, that the amount in controversy should have been sufficient to give the Federal court jurisdiction. The State court had authority to determine the effect of the prayer to the petition, and it decided that under the petition, no more than the amount prayed for could be recov-

ered in the action, notwithstanding the statement that the estate had suffered damage in the sum of $10,000."

This was an action brought in a State court of Iowa to recover damages for wrongful death. The damages were alleged in the complaint at $10,000; the sum demanded in the prayer was less than the amount required to confer jurisdiction on the Federal court. In this case, reported in 137 N. W., at page 1011, it was said by the Supreme Court of Iowa that in that State in an action for unliquidated damages, a prayer in the petition for a judgment in a sum less than the damages alleged therein is equivalent to a remittance or waiver of the difference, and establishes the amount in controversy. For this reason, the petition of the defendant for the removal of the action to the Federal court from the State court, was properly denied by the latter court.

In *Woods v. Massachusetts Protective Association,* 34 Fed. (2), 501, it was held that where plaintiff, as beneficiary under a life insurance policy for the sum of $5,000, brought suit in a State court, and demanded judgment for the sum of $3,000 only, the action was not removable from the State court to the Federal court, because the amount in controversy, as determined by the prayer for judgment did not exceed the sum of $3,000, exclusive of interest and cost. The action was heard in the United States District Court on a motion to remand to the State court from which it had been removed. The motion was allowed. In his opinion the judge quoted with approval from 17 Standard Proc., 878, as follows:

"If an amount above the jurisdiction of the court remains due and unpaid on an obligation or debt, a party may voluntarily remit and abandon all claim and right to recover the amount which thus exceeds the jurisdiction and may maintain his action for an amount within the jurisdiction of the court."

In *Beatty, Admx., v. Massachusetts Protective Association,* decided by the Supreme Court of South Carolina on 5 March, 1931, and not yet reported, involving the validity of an order of the State court denying the petition of the defendant for the removal of the action from the State court to the Federal court, it was held that the amount in controversy was determined by the prayer for judgment in the sum of $3,000, and not by the allegations of the complaint which were sufficient to constitute a cause of action on a life insurance policy for $5,000. In that case it is said: "It is true, this Court has repeatedly held that the plaintiff may obtain any relief appropriate to the case made by the pleadings and the evidence, without regard to the form of the prayer for relief; that is, he will be given such relief as he may be entitled to notwithstanding that the prayer for relief is defective. Especially is this true in an equity case. But this does not mean that a party insti-

tuting a suit cannot remit or waive so much of his claim as he sees fit, and such remittance or waiver amounts to an acknowledgment of payment for the amount so waived or remitted, for which an action could not afterwards be maintained. Such waiver or remittance may be set forth either in the body of the complaint or in the prayer for relief, either directly or indirectly. When the plaintiff in the prayer for relief asks for a smaller amount than that stipulated in the instrument sued on it amounts to a waiver and the plaintiff, as in the case at bar, cannot afterwards maintain an action for the amount so waived, but is bound thereby." We regard this as a correct statement of the law, but where as in the instant case, the plaintiffs expressly declined to waive or remit the amount of their claim, as shown by the entire record, and thereby reserved the right thereafter to move the State court, in its discretion, for leave to amend the prayer of their complaint, this principle is not applicable.

We find no error in the order. It is

Affirmed.