HARRY BURKE and wife v. J. M. TURNER and others.

*Reference and Referees.*

Where the report of a referee in the statement of an account does not conform to the order of reference, the court will set it aside with instructions to observe strictly, in restating the account, the method pointed out in the order of the court.

CIVIL ACTION on a guardian bond tried at Fall Term, 1881, of IREDELL Superior Court, before *Seymour, J.*

This case is fully reported in 85 N. C., 500, and to the report submitted by the referee, in obedience to an order there made, (being changed by substituting the clerk below for the clerk of this court) the plaintiffs filed exceptions in this court. These

exceptions were not passed upon because the report did not conform to the order of reference in certain particulars deemed material, but another statement of the account was ordered to be made by the clerk here.

*Messrs. J. M. Clement* and *R. Z. Linney*, for plaintiffs.
*Messrs. Robbins & Long* and *D. M. Furches*, for defendants.

MERRIMON, J. This court affirmed in *Burke* v. *Turner*, 85 N. C., 500, so much of the judgment of the superior court as adjudged that the defendant owed the *feme* plaintiff the sum of $1,725.36, the scale value of the Confederate money therein mentioned, with compound interest thereon from the 19th day of December, 1862, and disallowed the credit of $1,024.19, allowed him for the board and clothing of the *feme* plaintiff, daughter of the former guardian, and in all other respects, except that it did not affirm it "as to the allowance of commissions to the defendant J. M. Turner, upon the sum of $1,000 of his trust fund, used in his own business, and upon the amount paid in store-bills to the firm of which said defendant was a member"; and as to these two items, it was ordered that the account be corrected. It was accordingly referred to the commissioner who took the account in the superior court, to make his account in all respects conform to the opinion of this court.

What, and all the commissioner ought to have done, was to add the sum allowed for board and clothing of the *feme* plaintiff, and any interest due upon the same, to the item of $1,725.36, and compound interest on the same from the date mentioned; and to this, such further sum of money as had been allowed to J. M. Turner as commissioner, upon the sum of $1,000 used by him in his own business, and the sum allowed him as commissions, upon the amount of the store-bills of the firm of which he was a member; and also, the item of $78.10 from sale of land and the interest thereon.

The commissioner has filed his report, and the plaintiffs have filed exceptions thereto. We do not deem it necessary to pass upon these exceptions, because the report does not conform to or observe the order of reference. We cannot see that the commissioner has ascertained the fund and amount thereof, in pursuance of the judgment of the superior court, as modified by this court. In such a case, this court will set aside the report and order a reference, with instructions to simply modify the account first taken in the superior court, in strict accordance with the opinion of this court, stating each item of the amended account, with such explanations as will show how and why it came to be changed.

Let an order be drawn setting aside the last report and referring it to the clerk of this court to ascertain and state the amount due in accordance with this opinion. It is so ordered.

PER CURIAM.                      Judgment accordingly.