JOHN ARRINGTON & SONS and JOSEPH BEAVANS v. JOSEPH W. JENKINS and JOHN GOODRICH and wife.

*Costs—Exceptions—Mortgage—Interest—Reference— Usury— Contract.*

1. In an action to foreclose a mortgage, the mortgagor may show that the consideration of the bond secured by the mortgage is tainted with usury.

2. An agreement, entered into with full knowledge, and with the intent to pay and receive a greater rate of interest than is allowed by law, whereby it is stipulated that the party advancing the money shall receive a commission as a co; sideration therefor, in addition to the legitimate interest, is usurious, and forfeits the interest.    *The Code,* §3836.

3. The mortgagor covenanted, in addition to the stipulation to repay the sums advanced with 8 per cent. interest, that he would ship to the mortgagee for sale, "double the quantity of cotton necessary to pay the amount advanced, and in case of failure so to ship, to pay to the mortgagee two and one-half per cent. on the amount failed to be shipped as liquidated damages for the breach of this covenant."    Whether such agreement is usurious upon its face, *Quære.*

4. Exceptions must clearly point out the alleged errors. Otherwise, they will not be considered.

5. It is not erroneous to tax the loosing party with the costs of a reference.

(*Manning* v. *Elliott*, 92 N. C., 48; cited and commented upon).

This was a CIVIL ACTION, tried before *Shepherd, Judge,* at Spring Term, 1886, of HALIFAX Superior Court.

The defendants, John Goodrich and wife Elizabeth, on the 31st day of January, 1873, by mortgage deed conveyed certain lands and personal property therein specified, to the plaintiff, John Beavans, to secure a loan of money, not exceeding $3,200 in amount, and to be advanced during the month of February, with condition to be void if the said sum, with interest at eight per cent. per annum, was paid on or before the 1st day of February of the next year. The note of the mortgagor for that amount, with the specified rate of interest, was taken on the next day after the execution of the mortgage, and during the month of its date the the full amount of the loan was paid to him. The other plaintiffs, Arrington & Sons, recovered several judgments against the defendant Goodrich, whose aggregate principals are $358.66, besides interests and costs, before a justice of the peace, and on the 19th day of March, 1879, caused them to be docketed in the Superior Court of Halifax.

On April 14th, 1880, the defendant Goodrich, to obtain needed supplies for his farming operations during the year, executed a deed to the defendant Jenkins, whereby, to secure the repayment of advances not exceeding $600, and to be made in equal parts in moneys and goods, he gave a lien upon the crops raised on the land to be cultivated, stock and farming implements.

He also conveyed therein a tract of land on which he was then residing, and other personal property, with condition, (applicable also to the crops, stock and farming implements), to be

void if the advances, with interest, commissions and liqui-
dated damages, as provided in a preceding section of the
deed, were paid on or before the first day of December fol-
lowing. The section referred to, and intermediate between
the operative conveying words, is in these words:

"And the said John Goodrich, for and in consideration of
the matters aforesaid, does covenant and agree to ship to the
said Joseph W. Jenkins & Co., for sale as commission mer-
chants, double the quantity of cotton necessary to pay the
advances aforesaid, with interest at the rate of eight per cent.
per annum, and commissions $2\frac{1}{2}$ per cent., and in case of
failure so to ship, to pay Joseph W. Jenkins & Co., $2\frac{1}{2}$ per
cent. on the value of the amount failed to be shipped as afore-
said as liquidated damages for breach of this covenant."

Two successive deeds were executed by the said Goodrich
to Jenkins, one on May 10th, 1881, and the other on Febru-
ary 17th, 1882, to which latter his wife was a party, with the
same general provisions, and conveying liens on the crops of
the respective years, as well as other personal and real estate,
to secure further advances and the unpaid residue of the
indebtedness claimed for each antecedent year, and with
power of sale in all, if the secured debts and advances were
not paid by or before the 1st day of December of the several
years.

The present action is for the ascertainment of the remain-
ing indebtedness of the said Goodrich to the several creditors,
secured under the mortgages and judgment lien upon the
conveyed real estate, and for a sale thereof, and distribution
of the proceeds in payment, according to their priorities.

Answers were put in by the defendants, and thereupon the
cause was referred to W. A. Dunn and Gavin L. Hyman,
commissioners, with directions "to ascertain and report the
amounts due by the defendant John Goodrich" to the plain-
tiff Beavans, and to the defendant Jenkins.

ARRINGTON *et al. v.* GOODRICH *et al.*

The report was accordingly made at Fall Term, 1885, with the evidence taken before the commissioners, and their separate findings of fact and law therefrom. From the report it appeared that $\$2,465\frac{04}{100}$ was due said Beavans on November, 16th, 1885, with interest thence on $\$1,588\frac{76}{100}$ principal money, at the rate of eight per cent. per annum, and that there was due said Jenkins on August 31st, 1883, the sum of $\$216\frac{83}{100}$, with like interest thereafter to accrue.

To the commissioners' report, the defendant Jenkins filed many exceptions, twenty-three to their findings of fact, and six to their findings of law. Upon the hearing before the Court, it was conceded by all parties that the plaintiffs were entitled to the amounts ascertained and reported to be due them respectively, and to judgment therefor, the defendant Goodrich only objecting to a decree for the sale of the land until the indebtedness to Jenkins was also fixed. Thereupon the Court proceeded to try the whole case. The same defendant excepted to the finding, in including in the note given in March, 1881, a balance from the year 1879, which he insisted had been paid, and if not paid, was not embraced in the note for which the last mortgage was given.

The said Jenkins, waiving all his exceptions to the findings of fact, in regard to the rulings of the commissioner upon matters of law, except to their having considered any evidence tending to show the consideration or to impeach the legality of the notes.

The Court overruled the exception and said defendant excepted.

4. Said defendant also excepted to the finding of the referees as to usury, for that there was no sufficient evidence of usurious intent.

The Court overruled the exception and said defendant excepted.

The Court sustained the conclusion of the referees except

ARRINGTON *et al.   v.* GOODRICH *et al.*

that interest should be allowed only from the date of the judgment.

To this ruling the defendant Jenkins excepted.

The bond was fixed at seventy-five dollars.

The defendant Jenkins excepted to that part of the judgment which taxed him and defendant Goodrich with the referee's fees and court costs.

*Mr. Spier Whitaker,* for the plaintiffs.

*Mr. John Devereux, Jr., (Messrs. Thos. N. Hill* and *Jos. B. Batchelor,* were with him), for the defendant Jenkins.

No counsel for the defendants Goodrich and wife.

SMITH, C. J. (after stating the case). The exceptions of Jenkins will be first considered.

*Exception I.* It was competent for the debtor to show that usurious interest entered into the consideration, and constitutes part of the amount for which the notes were given. It was to an inquiry made to ascertain the tainting presence of this illegality in the security, to which we understand the objection is directed. It cannot be necessary to cite authority in support of this proposition.

*Exception II.* The commissioners report that for money loaned in the form of advances, in most of the items a charge of $2\frac{1}{2}$ per cent. is added to the sum advanced, and interest on the whole amount at the rate of 8 per cent.; that the sum due on preceding transactions on July 16th, 1880, $383\frac{94}{100}$, was also increased by superadding a charge for commissions, as in the case of moneys first advanced, and then the same rate of interest computed on the whole sum, thence until January 28th, 1881; that an account was rendered by Jenkins for the years 1879 and 1880, on March 3d, 1881, which is made up of the amounts due, with interest and commissions, as stated, and of a further charge of like commissions on the value of the cotton which was agreed to be sent and

consigned to him for sale, and was not so sent; that Goodrich gave his note for the entire amount, and the mortgage therefor; that interest was charged thereon from its date, February 10th, 1881, and on successive advances from March 5th to July 30th, inclusive, after adding commissions, interest is also computed, from their several dates, and the same course, with advances from August 6th to September 2nd, inclusive, while from October 10th to February 14th, 1882, payments were made by Goodrich in a sum of $130 in excess of the amount credited in the account rendered to him; that subsequent dealings were put in the form of an account similarly made up; that the said Goodrich fully understood the provisions of the mortgages when made up, and when he executed his note for $313$\frac{20}{100}$, on March 10th, 1881, and that for $468$\frac{57}{100}$, on February, 1882, he knew that the amounts of each were made up of interest, commissions, and commissions on cotton not shipped as stated in the report; that there was no consideration for the agreement to pay the commissions charged on the advances to be made under the mortgages, nor for that to pay commissions on unshipped cotton other than for the use of the moneys advanced, and that the agreements were all made with intent to receive and charge a greater rate of interest than 8 per cent.; and there was no other consideration for the charges of $2\frac{1}{2}$ per cent. on balances carried over from one account to another, and that the same were made with a similar usurious intent.

The facts thus ascertained do furnish evidence of a usurious purpose carried out in action, and warrant the commissioners in eliminating these items from the note into which they enter with their infectious influence and effect. The many improper charges which would be stricken out, if the accounts were to be restated as an unadjusted matter, must remain, however erroneous, as not being the result of any prearrangement or agreement, and voluntarily assumed in executing the note. If the *purpose* of the parties, as is found

as a fact in the report, (and the finding, if resting upon any evidence, is not brought up for review), was, as well as the method pursued, a contrivance to effectuate the purpose, to obtain a greater interest than is allowed upon a loan of money, it was, under the statute, a forfeiture of all interest. *The Code,* §3836.

The effect of the provision in the mortgage deeds, which contain the mortgagor's stipulation to consign to the mortgagee more cotton than is required to discharge the debt, and to allow a charge of the same commissions on such as is not, as on such as is sent, and upon which in making sale, labor and skill are bestowed, and for which they become a consideration, has not been passed on, though incidentally before this Court in *Manning* v. *Elliott,* 92 N. C., 48.

In this case, the money had not been paid, and the defendant abandoned his claim to such commissions on the hearing.

But our attention has been called to several adjudications elsewhere, where a like provision is found in mortgages to secure loans and advances in money.

In *Matthews* v. *Cole,* 70 N. Y., 239, decided in 1877, it is said, that such an arrangement was not necessarily usurious, to be so adjudged upon the face of the contract, but the intent must be shown to secure a larger interest on the loan, and this a device resorted to, to give it effect. In the absence of any such evidence *alieunde,* the contract must be declared legal and valid.

A very similar case was before the Supreme Court of the United States in 1876, *Cockle* v. *Flack,* 93 U. S., 344; in which upon the trial in the Circuit Court, it was left to the jury to pass upon the imputed usurious intent in the framing of such a clause in the loaning contract, and this was upheld. In the opinion, Mr. Justice MILLER says: "But counsel for plaintiffs argue that as to these commissions which defendant never earned by sale of the property, or by handling it, and as to which they were put to no cost or inconvenience,

there can be no other consideration but the use of the money, and they are necessarily usurious.

It must be confessed that the argument has much force. But we are of opinion that it is not so conclusive, that the Court ought to have held, "*as matter of law, that it was usury.*"

We are not required, in determining this appeal to pass upon the legal consequences of an insertion in the contract of such a clause, which certainly secures material advantages to the lender, in addition to the highest legal interest as the consideration of the loan, and those advantages founded upon no other consideration."

But, assuming the rulings to be correct, the series of gratuitous enlargements of the sums to be paid, and among them the charge of full interest on the note given for advances to be made, in part, and then interest on the advances when made, with the superadded charge of commissions on each, certainly indicate an intent to augment the fruits of the loan in excess of lawful interest, and this the commissioners find to be the result of a preconcerted arrangement between the parties, and this finding receives the sanction of the Court.

Our case is thus distinguished in being surrounded with numerous *indicia* of the unlawful purpose developed and carried out in action.

We approve also in the ruling that the interest should only begin to run in favor of the appellant's claim from the date of the judgment, and also in the taxation of the costs.

The defendants, Goodrich, filed six exceptions to the commissioners' report, of which two, numbered 4 and 5, are to their findings of fact, and the others to their conclusions of law. Upon the hearing before the Judge, all the exceptions to the findings of fact were waived except two, which were sustained and modified to the effect that while no objection was made to the execution of the notes, it was understood that any error afterwards discovered might be corrected.

These two were then also withdrawn. His exception "to the finding in including in the amount for which the note of March, 1881, was given a balance from the year 1879," which it was contended had been paid, and if not, was not embraced in the note for which the last mortgage was given, was overruled, and to this the said defendants excepted and appealed.

This objection is so obscurely stated, and in terms so general, that we find some difficulty in passing upon it. If the balance due on the account of 1879 has been paid, it ought not to have been incorporated in the note, with the stipulated advances, executed in March, 1881. But it seems the balance of the successive years was incorporated in the successive notes, with other charges, and if the item complained of was not embraced in the last secured note it must have been in some way eliminated from the account which constitutes the consideration of the note, and works no harm. This, we cannot suppose, is the meaning intended to be conveyed in the form of the exception, but its indefiniteness, and the absence of all the details necessary to a proper understanding of the complaint, compels us to leave the ruling undisturbed, because we cannot see that it is erroneous.

The objection that a decree of foreclosure and sale should await the determination of the amount due Jenkins, if possessed of force, is removed by the actual ascertainment of the extent of that indebtedness of the action of the Court below, and sustained here before such decree was made.

Nor do we see any error in taxing the respective appellants in the Court below with the costs of the action.

It must be declared there is no error, and the cause is remanded for further proceedings in the Court below.

No error. Affirmed.