D. L. GORE v. R. B. LEWIS AND WIFE.

*Usury as a Defence — Custom to Supercede Law — Unsatisfactory Report of Referee — Practice.*

1. In an action to recover judgment upon notes secured by mortgage and for a foreclosure of the mortgage the defence of usury may be pleaded, and if established the plaintiff forfeits the entire interest. The rule is otherwise when the debtor comes into Court asking equitable relief; he must then do equity by paying legal interest.

2. The custom of merchants will not be permitted to modify the usury laws.

3. Exceptions to an unsatisfactory report of a referee will be disregarded, and the Court below directed to recommit, with instructions to restrict the account in accordance with the opinion of the Supreme Court.

This was a CIVIL ACTION, heard before *Armfield, J.*, at March Term, 1891, of COLUMBUS Superior Court, upon exceptions to the report of a referee.

Both parties appealed.

*Mr. S. C. Weill*, for plaintiff.
*Messrs. W. G. Burkhead* and *D. J. Lewis*, for defendant.

MERRIMON, C. J.: The plaintiff brought this action to recover the money due upon two promissory notes executed to him by the defendant, one for $250 due March 1st, 1887,

the other for $500 due March 1st, 1888, both bearing interest at the rate of eight per centum per annum, and to foreclose a mortgage of the defendant's real and personal estate made to secure these notes. The defendant admits the execution of the notes and mortgage, but he alleges that they are founded upon a usurious consideration, and hence the plaintiff has forfeited the entire interest which the notes carry with them.

This is not a case where the debtor comes into the Court asking equitable relief against the usurious debt or transaction of the defendant. The fact that the plaintiff asked the Court for a decree of foreclosure did not deprive the defendant of his legal statutory defence. In such case, the plaintiff would be required to pay the honest debt and the lawful rate of interest, upon the just maxim that he who asks equity must do equity. *Purnell* v. *Vaughan*, 82 N. C., 134; *Manning* v. *Elliott*, 92 N. C., 48. But in cases like the present, the strict rule of law applies. The creditor seeks to recover and enforce payment of his usurious debt, and the defendant, alleging the usury as matter of defence, is entitled to have the full measure of it as allowed by the statute (*The Code*, § 3836), which provides that "The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section (that fixing the rate of interest) when knowingly done, shall be deemed a forfeiture of the entire interest which the note, or other evidence of debt carries with it, or which has been agreed to be paid thereon." And such defence may be alleged and proven in this and like actions to recover judgment upon the mortgage debt and foreclose the mortgage by a sale of the property. *Arrington* v. *Goodrich*, 95 N. C., 462; *Grant* v. *Morris*, 81 N. C., 150.

The case as it comes to us is not very intelligible. The exceptions of the plaintiff and defendant to the report and amended report of the referee are confused. It seems that

the facts found proved the alleged usury, but it likewise appears that the Court allowed the plaintiff interest at the ordinary rate upon the principal of his debt, upon the ground, it seems, that the plaintiff was entitled to interest upon his debt purged of the usury. This is error. If usury is not proven, then the plaintiff is entitled to interest at the rate of eight per centum per annum, as that rate is stipulated for in the notes. If the defence of usury shall be proven, then, the plaintiff will forfeit the interest under the statute.

It seems that the plaintiff insisted that a custom of merchants in the city of Wilmington, where he resides and does business as a merchant, warranted the taking of interest in a way that was greater than that allowed by the statute and stipulated for in the notes. This contention is without foundation. Such custom, whatever it may be, cannot supercede or modify the statute. It is possible that such custom might in some possible view of the case go to show that he did not, in fact, "knowingly" take, receive or charge an unlawful rate of interest.

As we see the reports of the referee and the exceptions thereto, they are not satisfactory, and we deem it proper, with a view to justice, to overrule and disregard the exceptions of the parties and direct the Court below to set the judgment aside, and recommit the report to the referee with instructions to make inquiry and report as to the alleged usury, and restate the account in accordance with this opinion. *Grant* v. *Bell*, 90 N. C., 558; *Burke* v. *Turner*, 89 N. C., 246; *McCampbell* v. *McClung*, 75 N. C., 393.

Both the plaintiff and defendant appealed, and what we have said applies to and disposes of both appeals.

To the end that further action may be taken in the Court below in accordance with this opinion, let the same be certified to that Court.

Judgment reversed and action remanded.