## J. W. NOLAND v. R. E. OSBORNE.

(Filed 3 January, 1919.)

**1. Deeds and Conveyances—Personal Property—Title—Equity—Mortgage.**

A paper-writing purporting to convey the absolute title to personal property, but, by its express terms, was given as security for a debt, upon condition that the title would vest in the creditor upon the payment thereof, will be regarded in equity as a mortgage, with the right of redemption at any time before foreclosure.

2. **Usury—Counterclaim—Issues— Instructions— Verdict Directing— Appeal and Error.**

> The debtor may set up the defense of usury in the creditor's action to recover the debt, and an instruction therein that the jury find the issues for the plaintiff if they believe the evidence, without submitting an issue tendered as to the counterclaim, is a denial of this right, when pleaded with supporting evidence, and constitutes reversible error. *Carey v. Hooker*, 171 N. C., 229, and other like cases, cited and distinguished.

ACTION to recover certain personal property, tried before *Lane, J.,* at January Term, 1918, of HAYWOOD.

The ancillary remedy of claim and delivery was sued out and the defendant gave bond as required by the statute and retained possession of the property in controversy.

These two issues were submitted to the jury:

1. Is the property described in Exhibit A, except the one bay horse, two years old, the absolute property of the plaintiff, as alleged in the complaint, and is plaintiff entitled to the possession thereof? Answer: "Yes."

2. Is the plaintiff entitled to the possession of the two mules described in Exhibit B, to this complaint, for the purpose of selling the same under his chattel mortgage described as Exhibit B? Answer: "Yes."

The court charged the jury that if they believed the evidence to answer the issues as indicated. The defendant excepted. There was no controversy as to the value of the property, and those issues were answered by consent. The paper referred to as Exhibit A reads as follows:

STATE OF NORTH CAROLINA—County of Haywood.

Know all men by these presents, that R. E. Osborne, of the county and State aforesaid, in consideration of the matters and things hereinafter set forth, has this the 9th day of February, 1916, bargained and sold, conveyed, and hereby delivered to J. W. Noland, of the county and State aforesaid, the following described personal property, to wit: One pair of mules, consisting of one gray mule about 6 years old and known as the "Sebe Bryson mule," and one bay mule about 9 or 10 years old and known as the "Dan Owen mule," one iron-gray horse known as "Buster," one yoke of oxen about 6 years old and known as the "Jim Plott cattle," one red ox and one white spotted ox, four milk cows (two of which are red, one roan, and one spotted), one bay horse 2 years old: To have and to hold the above described property unto the said J. W. Noland, his executors, administrators and assigns.

The above described property is hereby conveyed to the said J. W. Noland for the following reasons and purposes and upon the following terms and conditions, to wit:

Whereas, the said R. E. Osborne has this day executed and delivered to the said J. W. Noland his note of even date herewith in the sum of six hundred and three dollars and ninety-three cents ($603.93), becoming due and payable on the 1st day of June, 1916, with interest thereon from date until paid at the rate of six per cent per annum, and the said R. E. Osborne desires to secure the payment of the said note and interest by the conveyance of the property above described.

Now it is the purpose of this bill of sale that if the said note and interest be not paid at the maturity thereof by the said R. E. Osborne, or some one for him, then the property hereby conveyed shall vest absolutely in the said J. W. Noland; but if the said note and interest shall be paid in full at the maturity of the same, then this bill of sale shall be null and void and the absolute property in and to the property hereby conveyed shall revest in the said R. E. Osborne.

And the said R. E. Osborne hereby warrants that the said personal property hereby conveyed is his own absolute property, and is free and clear of all liens and encumbrances whatsoever.

In witness whereof, the said R. E. Osborne has hereunto set his hand and affixed his seal, this the 9th day of February, 1916.

R. E. OSBORNE. (SEAL)

The court rendered judgment against defendant and the sureties on the replevy bond, from which defendant appealed.

*W. J. Hannah for plaintiff.*
*Morgan & Ward for defendant.*

BROWN, J. The plaintiff, in his complaint, claims the absolute ownership of all the property described in Exhibit A, and the conditional ownership of that described in Exhibit B, which is in form an ordinary statutory chattel mortgage with the usual power of sale.

The defendant, answering, avers that Exhibit A was executed to secure a note and was intended by the parties to be a mortgage, and not to convey the absolute title to the property. The defendant also sets up the plea of usury, and alleges that the note described in Exhibits A and B is usurious, and avers that if the usury is eliminated there will be nothing due on the debt.

It is useless to discuss the many exceptions to evidence relating to the attempt of the defendant to prove by parol evidence that Exhibit A was intended as a mortgage securing a debt, for in our opinion the instrument upon its face is a mortgage.

Courts of equity began at an early date to look with disfavor upon the strict doctrine of the common law as to the absolute forfeiture of

the mortgaged property upon nonpayment of the mortgage debt. Accordingly, the rule has become firmly established that the debtor has a right to redeem after breach of the condition and at any time before actual foreclosure of his equity of redemption.

It is patent upon the face of Exhibit A that it is a security for a debt, and whenever a transaction is substantially a security for a debt it is a mortgage and the debtor has a right to redeem, although he failed to meet the condition and pay the debt at maturity (*Watkins v. Williams,* 123 N. C., 171; *Robinson v. Willoughby,* 65 N. C., 520; Adams Eq., 112); consequently the judge erred in his instruction to the jury. This erroneous instruction renders a trial *de novo* necessary, as the effect of such ruling was to deprive the defendant entirely of the benefit of his defense of usury, which he was entitled to have submitted to the jury upon appropriate issues and instructions.

This is not a case where the debtor comes into court charging usury and seeks its aid to prevent a foreclosure or asks other equitable relief against a mortgagor. Therefore the principle laid down in *Cook v. Patterson,* 103 N. C., 130; *Gore v. Lewis,* 109 N. C., 540; *Corey v. Hooker,* 171 N. C., 229, and other similar cases, has no application.

In this case the creditor seeks to enforce by the aid of the court the collection of his alleged usurious debt. In such case the defendant, if he alleges usury as matter of defense in proper and sufficient manner, and establishes it, is entitled to have the full measure of it as allowed by the statute. *Gore v. Lewis, supra; Riley v. Sears,* 154 N. C., 509.

New trial.