H. L. GHORMLEY AND WIFE, BETTIE J. GHORMLEY (ORIGINAL PARTIES PLAINTIFF), AND A. F. GHORMLEY, ADMINISTRATOR OF THE ESTATE OF H. L. GHORMLEY, DECEASED, AND THE HEIRS AT LAW OF THE SAID H. L. GHORMLEY, VIRGIL GHORMLEY, VOLA GHORMLEY PATTERSON, ANNIE GHORMLEY BLANTON, MELLIE GHORMLEY TILLERY, BERTIE GHORMLEY WIGGINS, C. C. GHORMLEY, AND MATTIE BELL GHORMLEY SMITH (ADDITIONAL PARTIES PLAINTIFF), v. ABRAHAM HYATT AND T. A. MORPHEW, TRUSTEE.

(Filed 18 September, 1935.)

**1. Fraud B b—Each of the essential elements of fraud must be pleaded.**

The essential elements of fraud are a representation, its falsity, *scienter*, deception, and injury, and each of the essential elements of fraud must be clearly alleged in order for the pleader to avail himself of the defense.

**2. Fraud A c—Evidence held insufficient to show deception, and refusal to submit issue of fraud was not error.**

All the evidence tended to show that plaintiffs' son, acting as agent for his parents, negotiated a loan for plaintiffs, that the son paid ten per cent interest on the loan for nine and a half years, and that thereafter plaintiffs voluntarily executed a renewal note and mortgage bearing six per cent interest, and that their acknowledgment of the renewal mortgage was properly taken without semblance of fraud. *Held:* Plaintiffs' contention that the renewal note and mortgage were obtained by false and fraudulent representations of the lender that the principal of the debt was still due cannot be sustained, and the trial court's refusal to submit an issue of fraud was not error, the jury having found, upon a subsequent issue under correct instructions from the court, that the plaintiffs knew their son paid the interest on the original note.

**3. Mortgages H b: Usury A b—**

Where plaintiff seeks to enjoin the foreclosure of a mortgage and pleads usury, plaintiff must tender the principal of the debt, plus six per cent interest, since, upon invoking equity, the only forfeiture he may demand is the amount of interest in excess of the legal rate.

**4. Limitation of Actions B a—**

A cause of action to recover the penalty for usury accrues immediately upon the payment of the usurious charge, and when there is a series of such payments the cause of action as to each payment is barred upon the expiration of two years from the date of payment. C. S., 442 (2).

**5. Limitation of Actions B b—Held: More than three years elapsed after payment of usury should have been discovered, and action was barred.**

Plaintiffs contended that usurious interest was paid defendant by their agent without their knowledge, and that therefore their action to recover the penalty for usury was not barred although instituted more than two years after the last usurious payment, C. S., 441 (9). *Held:* Plaintiffs are not entitled to invoke the statute, it appearing that plaintiffs did not institute action until more than three years after they had executed a note

GHORMLEY v. HYATT.

bearing six per cent interest in renewal of the original note upon which usury was paid, and that plaintiffs were negligent in asserting their rights if any they had.

6. **Usury C c—Held: Plaintiffs waived benefit of usury statutes by executing renewal note at legal rate of interest.**

Plaintiffs' son negotiated a loan for plaintiffs, and paid usurious interest thereon for plaintiffs to the lender for nine and a half years. Thereafter plaintiffs voluntarily executed a renewal note and mortgage at the legal rate of interest for the principal amount originally borrowed, and plaintiffs' acknowledgments of the renewal mortgage were properly taken. Upon default in the payment of the renewal note, and advertisement of the property, plaintiffs sought to restrain foreclosure and pleaded usury. *Held:* By executing the renewal note and acknowledging the debt in the principal amount of the renewal note, plaintiffs are precluded from setting up usury in the original transactions, since the party paying usury may waive the benefit of the usury statutes, and the cause of action to recover the penalty for usury being barred, defendant is entitled to judgment for the amount of the renewal note plus the legal interest called for by it upon the verdict of the jury for this amount under instructions that plaintiffs would not be bound by the payment of usurious interest by their son unless they had knowledge of such payments.

APPEAL by plaintiffs from *Rousseau, J.,* and a jury, at June Term, 1935, of GRAHAM. No error.

Since the beginning of this action the original parties plaintiff have died, and their legal representatives were duly made parties to this action.

(1) On 26 February, 1917, the plaintiff H. L. Ghormley (Bettie J. Ghormley was the wife of H. L. Ghormley) borrowed from the defendant Abraham Hyatt the sum of $1,200, and executed a note bearing six per cent interest, and to secure same made a deed of trust on certain land to R. B. Slaughter, and the same was duly recorded. The negotiations for the loan were made through C. C. Ghormley, a son of plaintiffs.

(2) On 5 July, 1926, a renewal note was made by the same parties for $1,200, and a deed of trust to secure same on the land was made to T. A. Morphew, and duly recorded. Two payments of interest, $72.00 each, were made on this note.

(3) C. C. Ghormley paid each quarter $30.00 on the original note, or $120.00 a year, for nine and a half years before the renewal note was made for the $1,200 on 5 July, 1926.

The land was advertised for nonpayment of the note, under the terms of the deed of trust, by T. A. Morphew, as trustee, and this action was brought to restrain the sale. Plaintiffs' prayer is: "Wherefore, plaintiffs pray that the sale of said premises be enjoined, and for such other and further relief as to the court may seem just."

It is alleged by plaintiffs that the $1,200 note of 26 February, 1917, was reduced to $380.53 ($385.50), if only the legal rate of six per cent was charged; and as to the renewal note of 5 July, 1926, "the defendant Abraham Hyatt fraudulently, with intent to deceive, misrepresented to these plaintiffs that there was still due on said note the sum of $1,200, upon which fraudulent misrepresentation these plaintiffs relied, and executed a renewal mortgage, dated 5 July, 1926, and that said renewal mortgage was secured and obtained by the false and fraudulent representation of the said Abraham Hyatt and, as these plaintiffs are advised and believe, is void."

It is alleged by plaintiffs that as to the note of 26 February, 1917, "said Abraham Hyatt caused and required these plaintiffs and the said C. C. Ghormley to pay interest on said note at the rate of ten per cent, which payments were made quarterly, and which payments were usurious and unlawful, and that said payments were made for a period of 9½ years, to wit: $30.00 each quarter for the said period of years, and that the said defendant Abraham Hyatt charged and received said usurious interest, and that these plaintiffs demand that the interest on said note be forfeited, and that said mortgage having been fully paid, these plaintiffs demand judgment against the defendant for the excess paid on said note over said amount due. . . . If the court be of the opinion that said note should not be stripped of its interest, which these plaintiffs insist that it should be, then the defendant took, received, and charged on the said note of 26 February, 1917, the sum of ten per cent, without knowledge or acquiescence of plaintiffs, and that said payments made by plaintiffs on said note were made practically every ninety days of $30.00 per payment, and that by charging the legal rate of interest the plaintiffs were only due and owing the defendant $380.53 ($385.50), and that these plaintiffs demand an account to be taken, and stand ready, willing, and able to pay into court any and all sums due by the plaintiffs to the defendant. . . . The said Abraham Hyatt required, charged, demanded, and received interest thereon at the rate of ten per cent for ten years, which said interest was unlawful, and for which these plaintiffs are advised and believe they are entitled to recover double the amount of usurious interest paid, to wit: the sum of $1,200. Wherefore, plaintiffs demand judgment for the sum of $1,200, and for the cost of this action."

The defendant Abraham Hyatt denied the material allegations of the complaint, and in his answer says: "And for a further answer and defense to plaintiffs' alleged cause of action, and particularly to that alleged in the preceding paragraph wherein plaintiffs demand judgment against the defendant for the sum of $1,200 on account of usurious interest alleged to have been paid by plaintiffs to defendant, the defendants

aver that said interest of ten per cent paid, as aforesaid, was paid by plaintiffs to defendant Abraham Hyatt in the years 1918, 1919, 1920, 1921, 1922, 1923, 1924, 1925, and 1926, which payments were made and received more than two years prior to the institution of this action, and the defendant here pleads the statute of limitations as set out in section 442, and subsection 2 and subsection 3 of said section 442, of the Consolidated Statutes in bar of plaintiffs' right to recover against the defendant. . . . The defendant here shows the court that each item of usurious interest was paid to him by the plaintiffs more than three years prior to the institution of this action by plaintiffs, and here pleads the three-year statute of limitations, as set out in section 441, and subsection 1 and subsection 2 of said section 441, of the Consolidated Statutes in bar of plaintiffs' right to recover against him in this action."

The defendant Abraham Hyatt prays: "(1) That the plaintiffs' alleged cause of action be dismissed. (2) That he have and recover judgment against the plaintiffs H. L. Ghormley and Bettie Ghormley on the aforesaid note in the sum of $1,200, with interest thereon at six per cent from ...... July, 1929. (3) That the temporary restraining order heretofore issued at the instance of the plaintiffs be dismissed, and that the trustee, T. A. Morphew, be directed to readvertise said property for sale and expose same for sale to the highest bidder for cash, in accordance with the terms and conditions of said deed of trust."

This action was commenced on 1 July, 1933.

The issue submitted to the jury and their answer thereto was as follows: "What sum, if any, are the plaintiffs indebted to the defendant A. Hyatt? Answer: '$1,200, with interest from 31 July, 1929.' "

The court below rendered judgment on the verdict. The plaintiffs made numerous exceptions and assignments of error, and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*R. L. Phillips for plaintiffs.*
*T. M. Jenkins and Edwards & Leatherwood for defendants.*

CLARKSON, J. The court below refused to submit the following issue tendered by plaintiffs: "Was the note and mortgage of 5 July, 1926, obtained by fraud and misrepresentation, as alleged in the complaint?" We think the court below correct.

In *Electric Co. v. Morrison,* 194 N. C., 316 (317), it is said: "The essential elements of actionable fraud or deceit are the representation, its falsity, *scienter,* deception, and injury. The representation must be definite and specific; it must be materially false; it must be made with knowledge of its falsity or in culpable ignorance of its truth; it must

16—208

be made with fraudulent intent; it must be reasonably relied on by the other party; and he must be deceived and caused to suffer loss." *Stone v. Milling Co.*, 192 N. C., 585; *Peyton v. Griffin*, 195 N. C., 685; *Willis v. Willis*, 203 N. C., 517; *Plotkin v. Bond Co.*, 204 N. C., 508.

It is well settled in this jurisdiction that facts constituting fraud must be clearly alleged in order that all necessary elements of fraud may affirmatively appear. If the allegations of fraud in the complaint came within the rule, there is no evidence on the record to support same. The testimony of the clerk of the Superior Court who took the acknowledgments of H. L. Ghormley and wife, Bettie J. Ghormley, and the latter's privy examination, is to the effect that there was no semblance of fraud in the transaction. *Bank v. Dardine*, 207 N. C., 509.

It was contended by plaintiffs that C. C. Ghormley, the son of plaintiffs, was not the agent of plaintiffs in the transactions. We do not think the record bears out this contention, but this matter was left to the jury. The trial judge charged, in part: "But if you find C. C. Ghormley himself agreed to pay the interest, and that H. L. Ghormley and his wife, Bettie J. Ghormley, knew nothing about it and executed the deed of trust, then you would answer it in favor of the plaintiffs in the amount they claim is due the defendant." All the evidence was to the effect that C. C. Ghormley was acting for the plaintiffs in the entire transactions, and the renewal note for $1,200, dated 5 July, 1926, was executed voluntarily.

This is an injunctive proceeding. In *Mortgage Co. v. Wilson*, 205 N. C., 493 (494-5), it is said: "It is a familiar principle that a borrower of money who seeks equitable relief must himself deal equitably with his adversary by paying the principal and lawful interest. The only forfeiture he may enforce is the excess of the legal rate of interest. *Wilson v. Trust Co.*, 200 N. C., 788; *Edwards v. Spence*, 197 N. C., 495; *Miller v. Dunn*, 188 N. C., 397; *Adams v. Bank*, 187 N. C., 343." On the note of 5 July, 1926, there was no illegal interest charged or accepted.

There is no dispute that the plaintiffs paid usury on the note of 26 February, 1917, but the defendant Abraham Hyatt pleaded the statute of limitations.

N. C. Code, 1931 (Michie), sec. 442: "Within two years . . . 2. An action to recover the penalty for usury. 3. The forfeiture of all interest for usury."

The cause of action for the penalty of each payment of usury arises immediately and accrues upon the date of the payment. The action to recover the penalty for each usurious transaction is therefore barred under this section, upon the expiration of two years from the date of the payment. *Sloan v. Piedmont Fire Ins. Co.*, 189 N. C., 690.

C. S., 441: "Within three years an action—1. Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections."

The usury transactions are long since barred by the statute. Sec. 441 (9) is as follows: "For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

The plaintiffs contend that this statute can be invoked. Not so; what rights they had, they have been negligent in asserting them.

We have examined the charge of the court below with care. We think the able and conscientious judge throughout the charge applied the law applicable to the facts. The court charged the jury clearly on the very gist of plaintiffs' rights under the facts: "The court instructs you they would not be bound by what the agent did if they did not know it, and if you find the $120.00 a year was paid to retire the interest and principal, and that would reduce it to about $385.50 in 1930, and the plaintiffs contend you ought to find it is $385.50, with interest from 1930. Defendant contends plaintiffs were bound to know what was happening, that the son got the money for the use of himself and his brother, and that when the new note was taken up there it was for $1,200, and that they knew it was being paid at the rate of ten per cent per annum. It is a matter for you. Take the case and say in what amount, if any, the defendant is entitled to recover of the plaintiffs."

It is said in *Ector v. Osborne*, 179 N. C., at p. 669: "A borrower is not, however, compelled to plead usury, and as the defense is personal to him it may be waived. . . . (p. 670). 'The statutes of usury being enacted for the benefit of the borrower, he is at liberty to waive his right to claim such benefit and pay his usurious debt, if he sees fit to do so. It is, therefore, held that when the debtor becomes a party to a general settlement of preceding usurious transactions, made fairly and without circumstances of imposition, his recognition and the amount agreed to be due as a new obligation will preclude his setting up the old usury in defense of the new debt. This rule is not held to apply, however, unless it is clear that the debtor has fully accepted the settlement as a just debt, separate and distinct from the preceding usurious obligations.' 39 Cyc., 1024." *Dixon v. Osborne*, 204 N. C., 480 (485-6).

We think the issue submitted correct, and in the numerous exceptions and assignments of error we see no prejudicial error.

The defendant Abraham Hyatt testified: "C. C. Ghormley agreed to pay ten per cent interest and I agreed to accept it. I did not know that was illegal rate. I learned that it was illegal before this note was renewed. . . . I learned that ten per cent was an illegal rate later

on. That is the reason I renewed the note." The renewal note bore six per cent interest, and the two payments for two years' interest was $72.00 each year.

The charging and accepting of illegal interest has always been looked upon by the courts with disfavor. Usury is a source of untold wrong and oppression. The only court now to appeal to is one of conscience—in the breast of the defendant Abraham Hyatt. On the trial of the action, we find

No error.