VIRGINIA TRUST COMPANY, A CORPORATION, v. LAMBETH REALTY CORPORATION, C. A. CANNON, TRUSTEE; AND MRS. LAURA CANNON MATTES.

(Filed 3 May, 1939.)

**1. Usury § 5—Forfeiture of interest for usury may be set up without tender of debt with legal interest.**

A claim of forfeiture of all interest for usury may be properly set up as a defense in the creditor's action on the debt without a tender of the debt with legal interest, C. S., 2306, tender being required only when the debtor seeks affirmative equitable relief such as enjoining the collection of the debt or the foreclosure of the security therefor.

**2. Same: Fraudulent Conveyances § 1—Debtor may plead forfeiture of interest for usury in creditor's action to set aside conveyance.**

The complaint in this action by a creditor alleged the amount of the debt and sought to have a subsequent conveyance in trust by the debtor set aside as fraudulent on the ground that the debtor was insolvent and the conveyance covered virtually all the property of the debtor. *Held:* The creditor was entitled to establish its claim in the suit, the remedy sought being incidental and supplemental thereto, and upon proper procedure, might be entitled to an equitable levy, and therefore the suit is one to enforce the alleged usurious notes, and the debtor is entitled to set up the defense of usury, and demand the forfeiture of all interest, without tender of the principal with legal interest.

**3. Same—When defendant does not seek equitable relief based on usury he is not required to tender principal with legal interest.**

Plaintiff instituted this suit to set aside a conveyance in trust executed by defendant debtor as being fraudulent as to creditors. Plaintiff's debt was evidenced by notes secured by a first deed of trust on certain of defendant's property, and the conveyance sought to be set aside constituted a second lien against all the lands of defendant and certain of its personal property. Defendant sought to have plaintiff's notes and deed of trust canceled on the ground of fraud in procuring their execution. *Held:* Since defendant does not seek to restrain the collection of the notes or the foreclosure of the security therefor in the event it is not successful in obtaining cancellation of the instruments for fraud, defendant debtor is not required to tender the principal with legal interest in order to demand the forfeiture of all interest for usury.

**4. Usury § 4—Junior lienor is not entitled to invoke forfeiture of interest for usury as against senior lienor.**

The trustee and *cestui que trust* in a second deed of trust are not entitled to invoke the forfeiture of interest for usury as against the first lienor, since they are not parties to the alleged usurious contract between the first lienor and the debtor, but may only require that the debt be stripped of usury.

**5. Same: Fraudulent Conveyances § 6—Transferee may not plead forfeiture of interest for usury to establish solvency of transferor.**

This action was instituted by a creditor under a senior lien to have a junior lien on all the property of the trustor canceled as being fraudulent as to creditors. The trustee and *cestui que trust* in the second deed of trust claimed the right to invoke the forfeiture of interest on the prior debt for usury in order to establish the solvency of the trustor at the time of the execution of the second deed of trust. *Held:* The right to invoke the forfeiture of interest for usury is personal to the debtor, C. S., 2306, and the trustee and *cestui que trust* have no relation to the contract between the debtor and the first lienor entitling them to enter the plea.

**6. Fraudulent Conveyances § 1: Equity § 1b—Usury entitles debtor to declare forfeiture of interest, but does not bar action by creditor to set aside conveyance.**

In a creditor's action to establish its debt and to have a subsequent conveyance by the debtor set aside as fraudulent as to creditors, the fact that plaintiff's debt is tainted with usury entitles defendant debtor to invoke the forfeiture of interest, C. S., 2306, but does not defeat plaintiff's action, or estop plaintiff from asserting the equitable remedy of setting aside the fraudulent conveyance under the doctrine that he who seeks equity must come into court with clean hands.

APPEAL by plaintiff from *Hamilton, J.,* at October Term, 1938, of MECKLENBURG. Affirmed in part; reversed in part.

This action was instituted 28 October, 1935, for the purpose of setting aside conveyances in trust of the property of the corporate defendant alleged to be fraudulent as to the plaintiff, a creditor, as attempting to dispose of all its property while defendant was insolvent, in defeat of plaintiff's debt.

On 2 February, 1931, it is alleged the defendant Lambeth Realty Corporation obtained from or through the plaintiff $47,500, for which it executed 30 first lien notes of $1,000 each, due and payable 1 February, 1935, and four second lien notes, three for $2,500 each, payable respectively on the first day of February of the years 1933, 1934, and 1935, and one note for $10,000 to become due on the first day of February, 1936.

In security for the thirty first lien notes, and for the security of the subordinate second lien notes aggregating $17,500, the Lambeth Company made a deed of trust to plaintiff on certain real estate described in the complaint.

Two of the notes, in the sum of $2,500 each, were taken up by the defendant Laura Cannon Mattes, and it is alleged they became subordinated in lien to the balance of the indebtedness. The plaintiff claims in its own right the remaining $2,500 note and the $10,000 note referred to as second lien notes, and as trustee, with authority to represent the owners, the 30 first lien notes.

It is alleged that there have been placed on the records of Mecklenburg County two deeds of trust from the corporate defendant to defendant C. A. Cannon, Trustee, both dated 15 February, 1934, and filed 19 February, 1934. The first conveys the real estate on which plaintiff's debt is secured by deed of trust, together with various other lands, alleged to be all the real estate owned by the corporate defendant; the other, it is alleged, conveys substantially all of its personal property. They purport to secure $218,095.34, alleged to be due Mrs. Mattes, and advancements which may be made, not in excess of $350,000. The complaint sets up particulars as to insolvency and circumstances as to the alleged fraud.

It is further alleged that the deeds of trust executed to Cannon, Trustee, were intended to be, and were in fact and law, assignments for the benefit of creditors of the corporate defendant, and that because of noncompliance with C. S., 1610, requiring the filing of an inventory within ten days, they are void.

The complaint alleges that subsequently to the execution of the trust deeds to the defendant Cannon, Mrs. Mattes, codefendant, undertook to take an assignment of certain stocks conveyed in one of them through an exchange of stocks and credit on indebtedness without payment in cash, and not in accordance with the deed of trust, and asks that the stocks be returned, surrendered, or paid for.

Plaintiff further alleges that defendants Cannon, Trustee, and Mrs. Mattes, have advertised the real estate conveyed in one of the deeds of trust for sale, alleges irreparable damage if the sale is permitted to take place, and asks that the sale be restrained until the matters in controversy have been determined. It is alleged that the value of the property conveyed in the trust deed to plaintiff is less than the total amount due on the bonds secured, and has so depreciated as to afford no security for the $12,500 notes held by plaintiff in its own right.

The prayer for relief asks that Mrs. Mattes make an accounting for the stocks taken by her; that C. A. Cannon, Trustee, be perpetually enjoined from exercising any of the powers contained in the deeds of trust made to him; and that plaintiff have such other relief as it may be entitled to.

After intermediate pleadings unessential to an understanding of this appeal, all of the defendants answered. Summarizing, the answers admit the execution of the various conveyances in the chronological order stated, and the face amounts of the notes as alleged. It is denied that any fraudulent invasion of plaintiff's rights was involved in the various transactions between Lambeth Corporation and Mrs. Mattes and Cannon, Trustee. It is averred that these transactions were *bona fide,* and that the conveyances representing them were for value, legal and legitimate.

The answer of Lambeth Company, in a further defense, charges that the indebtedness to the plaintiff was brought about by a fraudulent scheme of the plaintiff to avoid loss upon other loans, and should not, in equity, be collected, and pleads that its officers acted *ultra vires* in executing the notes and deed of trust securing them.

The answer of Mrs. Mattes, in addition to the summarized statement above, alleges in a further defense that plaintiff has received moneys from her through advancements made to Lambeth Corporation, under the foregoing conditions, of which plaintiff had the benefit, and under circumstances which estop plaintiff from attacking the validity of the deeds of trust to Cannon; and similar allegations appear in the answer of Lambeth Corporation.

The defendants, Mrs. Mattes, Cannon, Trustee, and Lambeth Corporation, were permitted to file amendments to their answers and set up a charge of usury against the plaintiff with respect to the entire loan secured by its deed of trust, and the several notes evidencing the same, reciting the particulars thereof. Both answers demand a forfeiture of all interest on plaintiff's notes and the denial to it of equitable relief, upon the ground that the notes upon which its right of action is based are tainted with usury.

Upon these affirmative pleas plaintiff filed a written demurrer to the answer of Lambeth Corporation and demurred *ore tenus* to the answer of Mrs. Mattes and C. A. Cannon, Trustee, upon the ground that these defendants had made no tender to the plaintiff of the amount due, with lawful interest, as required by law.

The demurrer was overruled, and plaintiff excepted and appealed.

*Taliaferro & Clarkson for plaintiff, appellant.*
*E. T. Bost, Jr., for defendant Lambeth Realty Corporation, appellee.*
*Robinson & Jones for defendants C. A. Cannon, Trustee, and Laura Cannon Mattes, appellees.*

SEAWELL, J. The plaintiff's demurrer to the answers of the defendants, setting up usury, apparently is based on the assumption that these defendants in pleading the usury were pursuing an equitable remedy and had taken the offensive. "He who seeks equity must do equity." The statute itself, however, gives to the debtor, defendant in a suit upon notes tainted with usury, the right to plead forfeiture of all interest— C. S., 2306—and makes no condition of previous tender upon such defense. The forfeiture of all interest is one of the law; and only when the debtor must resort to equity to restrain collection of the usurious debt or prevent foreclosure of the mortgage security, thereby becoming, both in the real and technical sense, actor, is it required that he tender the amount of the debt with legal interest. When attacked, he may

defend according to the terms of the statute. *Noland v. Osborne,* 177 N. C., 14, 97 S. E., 714; *Gore v. Lewis,* 109 N. C., 539, 13 S. E., 909, and cited cases; *Arrington v. Goodrich,* 95 N. C., 462. As to the usurious lender, there may be a *locus poenitentiae,* and for that reason the statute is content to place the forfeiture of interest on a defensive basis. It follows in the train of the attempt to enforce the usurious interest agreement and is what the law says it is, a forfeiture incident upon the "taking, receiving, reserving, or charging a greater rate of interest than six per centum per annum"; a forfeiture, however, which the statute makes available as a defense. On payment of the usurious demand, a cause of action arises for the recovery of twice the amount of the interest paid.

As to the defendant Lambeth Corporation, it has asked no equitable relief against plaintiff except cancellation of the debt on account of an alleged fraud; it has not asked that plaintiff be restrained from foreclosing its deed of trust or the enforcement of its notes, if it cannot maintain itself on the issue of fraud.

The defense presented to the usury charge is a legal defense. The mere fact that plaintiff has brought an action involving incidental equitable features, thus choosing, as it had the right to do, the atmosphere of the proceeding, does not necessarily invest defendant's assertion of a legal statutory right with the character of an equitable claim, independently pursued.

With respect to this defendant, it remains to be considered whether plaintiff's action may be construed in law as one for the enforcement of the alleged usurious notes in which the plea of usury is appropriate. Of this there can be little doubt. The allegations are sufficient to legally justify a judgment against the Lambeth Corporation for whatever sum may be found due the plaintiff; *Knight v. Houghtalling,* 85 N. C., 17; *McNeill v. Hodges,* 105 N. C., 52, 11 S. E., 265; *Hendon v. R. R.,* 127 N. C., 110, 37 S. E., 155; *Staton v. Webb,* 137 N. C., 35, 36, 47 S. E., 55; and defendant, unless it has made timely assertion of its supposed right, under such conditions, might find itself at the mercy of the plaintiff at the end of the trial. The law will not compel it to take that chance. Indeed, the plaintiff has brought a typical suit for the enforcement of its claim against the defendant with respect to property conveyed in fraud of creditors, in which the enforcement is the gravamen of the suit and the remedy sought is incidental and supplemental. It is competent for it to establish its claim in such a suit, and, with proper procedural protection of its rights, the plaintiff in such a suit might have the advantage of an equitable levy. *Dillard v. Walker,* 204 N. C., 67, 167 S. E., 632; *Hancock v. Wooten,* 107 N. C., 9, 12 S. E., 199; *Bank v. Harris,* 84 N. C., 206; 14 Am. Jur., p. 696, section 37.

We conclude that the corporate defendant was not required to make the suggested tender.

As to the defendants—C. A. Cannon and Mrs. Laura Cannon Mattes—respectively trustee and *cestui que trust* under a junior deed of trust, we do not see that the plea of usury is directly available to them at all, considering the admitted relations of all the parties to the subject matter of the suit and the objectives declared by them in the litigation. These defendants were not parties to the contract between plaintiff and the Lambeth Corporation, and are not brought into privity with the parties to that contract by the fact that, in part, the senior trust deed of the plaintiff and the junior deed of these defendants cover a common security. *Pinnix v. Casualty Co.,* 214 N. C., 760. The fact, of course, gives certain rights to the junior mortgagee, but no rights under C. S., 2306, which statute is for the benefit of the debtor, who may be also debtor mortgagor. The plea is personal to him. *Pinnix v. Casualty Co., supra; Ghormley v. Hyatt,* 208 N. C., 478, 181 S. E., 242; *Ector v. Osborne,* 179 N. C., 667, 670, 103 S. E., 388.

Upon tender of the amount due, with legal interest, the junior mortgagee is let in to plead usury, to the extent that he may purge the debt secured by the senior mortgage of usury, when it becomes necessary to ascertain the amount of the debt secured by the senior mortgage to the end that he may pay it and obtain subrogation. *Pinnix v. Casualty Co., supra; Ector v. Osborne, supra.* The defendants have indicated no such purpose, have not asked that foreclosure of the senior mortgage be delayed or restrained for their equitable relief, and have alleged no grounds upon which, under these precedents, they may be permitted to interfere between the parties to the senior contract on the score of usury. Had they laid such a basis for it and sought equitable relief of the character mentioned in aid thereof, tender of the amount due, with legal interest, would, no doubt, be necessary.

These defendants—Cannon and Mattes—contend that the right to plead usury ought to be accorded to them because the usury is a factor in determining the total indebtedness of the Lambeth Corporation and, therefore, has a bearing on the issue of insolvency. But the forfeiture of the statute, and the right to purge a debt of its usury, are not objective devices to be applied in accountancy anywhere usury may be discovered and in behalf of impersonal justice. Their availability depends on the relation of the parties to each other and to the subject matter. What these defendants cannot do directly, they cannot achieve by indirection. Moreover, since the plea is one personal to the debtor, it might waive it. *Ghormley v. Hyatt, supra.* The fact that the debtor has not done so in this instance, while it inures to the benefit of the defendants Cannon and Mattes, it adds nothing to their right to assert it.

In sustaining the judgment overruling plaintiff's demurrer as to the defendant Lambeth Corporation, we must not be understood as accepting the defendant's apparent view of the legal effect of the usury, if found. This would not, of course, defeat plaintiff's action. Formerly, under the old usury laws, the taint of usury outlawed the debt in express terms. But, C. S., 2306, substituted for the more drastic law, as a remedy available on defense, forfeiture of interest and the recovery of double the interest when paid. Relief goes no further than that provided in the statute. As against the debt itself, the principles applying to actions brought on contracts made contrary to public policy no longer control, however they may apply to the interest agreement. *Moore v. Woodward,* 83 N. C., 531, 533; *Hughes v. Boone,* 102 N. C., 137, 9 S. E., 286; *Smith v. Building and Loan Assn.,* 119 N. C., 249, 255, 26 S. E., 41. The plaintiff will not be debarred of its legal rights because a part of the relief demanded lies in equity, upon the ground that it "does not come into court with clean hands." Pomeroy Equity Jurisprudence, 4th Ed., section 937; *Bank v. Lutterloh,* 81 N. C., 144; *Pinnix v. Casualty Co., supra.*

As to defendant Lambeth Realty Corporation, the judgment overruling the demurrer is

Affirmed.

As to the other defendants it is

Reversed.